This is an appeal from a judgment of divorce entered by the Circuit Court of Morgan County, Alabama, on October 7, 1982. Lucy Porter (plaintiff) filed her complaint in the Circuit Court of Morgan County on February 19, 1982, seeking a divorce from her husband, Hubert Merrill Porter (defendant), based upon complete incompatibility between the parties. The plaintiff also requested alimony, a division of the parties' property and custody and support of the parties' minor children. *Page 923 
When scheduled for trial the parties with their attorneys announced that a settlement had been reached. Counsel for defendant, with court approval, dictated the terms of the settlement into the record. The court requested that the parties reduce the agreement to written form to be submitted to the court for incorporation into a divorce decree.
Subsequently, plaintiff moved for a hearing and injunctive relief, averring defendant had refused to abide by the terms of the agreement stated in open court and had refused to execute documents necessary for the entry of a final judgment. Defendant filed an answer and counterclaim to the complaint, denying all material allegations and seeking a divorce on grounds of adultery as well as custody of the children and title to all the parties' real and personal property. He also claimed newly discovered evidence which could not have been discovered prior to the statement of the agreement.
At a hearing on the pending motions, extensive arguments were made by counsel concerning the binding effect of the agreement previously stated in the record. The plaintiff claimed the agreement was binding as an enforceable contract which could not be set aside on the basis of newly discovered evidence, but rather could only be set aside based on established legal principles relating to the annulment of contracts. The defendant contended the agreement was not binding because of newly discovered evidence which had he known, would have prevented him from making the agreement. The court ruled that the agreement was binding upon the parties and granted the defendant ten days to file any additional grounds which he might have to set it aside.
Subsequently, defendant amended his answer stating that plaintiff had falsely represented to him that she was not dating any other men and had not committed adultery, and he entered into the agreement in reliance upon such representations.
The case was subsequently heard ore tenus. Divorce was granted on the ground of complete incompatibility of temperament. Defendant was found in contempt for eight different acts. All relief requested by defendant was denied.
Defendant has appealed. Two issues are presented. The first is whether the court erred in refusing to set aside the purported settlement which defendant claims he repudiated prior to the entry of the judgment.
In resolving defendant's first contention, we note that a trial court's judgment comes to this court "clothed in a presumption of correctness." Hicks v. Hicks, 405 So.2d 31
(Ala.Civ.App. 1981). When a case is tried ore tenus and the trial court has the advantage of hearing the witnesses and observing their demeanor, Alabama law clearly accords the trial court's judgment the same weight as a jury verdict and will not be disturbed on appeal unless plainly and palpably wrong.Zirlott v. Radcliff, 406 So.2d 879 (Ala. 1981).
In addressing defendant's first contention, we determine the effect of an agreement submitted to the court in settlement of a pending divorce. An agreement reached in settlement of litigation is as binding on the parties as any other contract.Brocato v. Brocato, 332 So.2d 722 (Ala. 1976). Moreover, there is a strong policy of law favoring compromises and settlements of litigation, especially in suits involving families, since the honor and peace of the family is often at stake. WesternGrain Company Cases, 264 Ala. 145, 85 So.2d 395 (1955). If a party could repudiate an oral agreement which was stated in open court and orally approved by the court, it would inevitably have a chilling effect upon all settlements made the day of a trial, which is an effect clearly contrary to established policy favoring settlement among litigants.
That the agreement was not reduced to writing and signed by the parties did not negate its binding effect. Rule 47 of the Alabama Rules of Appellate Procedure specifically provides that "agreements made in open court or at pre-trial conferences are binding whether such agreements are oral *Page 924 
or written." Defendant attempting to repudiate the settlement prior to the submission of a written agreement to the court for incorporation into a judgment did not change the binding nature of the agreement. In Brocato the court specifically rejected an argument that an agreement in settlement of litigation could be repudiated "before any of the provisions were carried out."
Defendant relies upon the equitable reasons stated in Kohn v.Kohn, 52 Ala. App. 636, 296 So.2d 725 (1974), that the settlement agreement not be permitted to stand. In Kohn this court found that even in the absence of duress, fraud or undue influence, the settlement agreement should be set aside after it was filed but before acted upon by the court because of the inequity of the agreement itself. The Kohn case, however, is distinguishable from the present case at bar. In Kohn the wife took virtually everything, leaving the husband a 1965 car and approximately $150 out of an estate valued around $200,000.Kohn v. Kohn, 296 So.2d at 728.
It must be recognized that though an agreement may be binding upon the parties in a divorce case, it is not binding upon the court. In rendering judgment, the court may accept or reject such an agreement, in whole or in part. Kohn v. Kohn, supra.
The second issue presented is that the court erred in regarding the settlement agreement as a completed contract.
We have carefully reviewed the record which contains verbatim the discussion between counsel and the court relative to the settlement dictated by defendant's counsel before the court. There had been previous lengthy negotiation between the parties acting through their respective counsel. The court was thereafter notified that the parties desired that the court should place their agreement into its decree of divorce.
Subsequently, defendant moved that the court disregard his agreement and not enter a decree in accord with it. As grounds for his motion, defendant merely states that he learned after making the agreement that his wife was dating other men. He says had he known of her conduct he would not have made the agreement. Defendant has not alleged or proved that the terms of the agreement were unfair or inequitable in any respect, though he was given every opportunity by the court to do so. He spent all efforts, however, in presenting evidence concerning his wife's relationship with other men.
Defendant has set his argument in the premise that the agreement presented to the court was by nature a contract and must stand or fall upon contract principles. We do not view the events which occurred in this case as standing upon contract principles. It appears to this court that the parties came before the trial court for an ore tenus hearing upon complaint for divorce and answer thereto. Rather than present testimony for the court's consideration and judgment, the parties with counsel discussed the issues and reached an agreement. They so informed the court and stated the agreement to the court. After discussion and determination of the understanding of the parties, the court directed that the agreement be detailed in writing and presented to him for incorporation in his decree. The case was then set for the subsequent taking of testimony as to the ground for divorce.
It appears to this court that there is involved merely a request by the parties that the court forego the necessity for extensive taking of testimony on the issues of child custody, alimony, child support and property division and incorporate into its decree the joint recommendation of the parties. The court was not concerned with whether there existed a binding contract between the parties. The court was aware that no contract could bind its decree. The court was not accepting an executed, witnessed or notarized contract. It was accepting the joint request of the parties then standing before it and which had been negotiated at that time. We therefore conclude that it was within the discretion of the court to permit defendant to repudiate *Page 925 
his agreement for good cause shown. Rule 47, A.R.A.P.
The court heard the testimony of defendant and determined the absence of good cause therein for his withdrawal from the agreement. When viewed with the presumption of correctness due a judgment made after hearing ore tenus, we find no abuse of discretion in the judgment of the trial court.
Appellee's request for attorney's fees on appeal is granted in the sum of $500.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.