The wife appeals from a trial court decree of divorce which incorporated an oral separation agreement.
Billy Joe Tidwell filed for divorce from his wife, Mae W. Tidwell, in October 1985. She answered and counterclaimed for divorce. The case was set for trial on December 5, 1985. On that date the parties and their counsel met to discuss a settlement. After some negotiation between the parties, the attorneys informed the trial court that a settlement had been reached. No agreement was reduced to writing at that time. After a date for final hearing had been set, the wife received certain additional information regarding the husband's pension benefits and notified her attorney that she did not wish to recognize the agreement previously reached. The husband filed a motion to have the agreement in question enforced. The wife filed a motion to set aside the agreement. A hearing was held to determine its existence and enforceability. The trial court found that a valid separation agreement had been reached between the parties on December 5, 1985, that such agreement was not obtained by fraud or duress and was not unjust or unfair. Upon the wife's motion for reconsideration, the trial court stayed its previous order and set a time for hearing. On February 6, 1986, the court denied the relief requested and reaffirmed the prior order enforcing the separation agreement. The wife appealed the trial court's action. This court dismissed the appeal as premature, holding that an order enforcing such an agreement prior to the entry of judgment of divorce is not a final judgment which can support an appeal.496 So.2d 91. Following a final decree of divorce, the wife appeals, and we affirm.
The appellant contends that the trial court erred in finding that a complete agreement existed between the parties, that such agreement was not made under fraud or duress, and that the agreement was not unfair, unjust, or unreasonable, and thus subject to being set aside.
We must clothe the trial court's judgment with a presumption of correctness. Zirlott v. Radcliff, 406 So.2d 879 (Ala. 1981). As in all cases in which the evidence is heard ore tenus, the findings of the trial court will not be disturbed on appeal unless those findings are plainly and palpably erroneous.Zirlott v. Radcliff, supra. We must affirm the judgment of the trial court if, under any reasonable aspect, it is supported by credible evidence.
We first address the defendant's contention that the trial court erred in finding that a complete agreement existed between the parties. We note that an agreement reached in settlement of litigation is as binding upon the parties as any other contract. Porter v. Porter, 441 So.2d 921 (Ala.Civ.App. 1983). Furthermore, there is a strong policy of law favoring compromises and settlements of litigation, especially in cases involving families. Porter, supra. The fact that the defendant attempted to repudiate the settlement prior to the submission of a written agreement to the court for incorporation into a judgment did not change the binding nature of the agreement. However, though an agreement may be binding upon the parties in a divorce case, it is not binding upon the court, which may exercise discretion and accept or reject the agreement in whole or in part. Porter, supra. We have reviewed the record in order to determine whether evidence existed sufficient to allow the trial court to find the settlement as a binding and completed contract. There was abundant testimony concerning the negotiation *Page 1238 
and resulting settlement between husband and wife. Where conflicting evidence exists, a presumption of correctness attends the trial court's conclusions on issues of fact.Cherokee Ins. Co. v. Frazier, 406 So.2d 881 (Ala. 1981). Thus, we cannot say that the trial court abused its discretion in finding that a completed, binding agreement existed between the parties.
The appellant also contends that if there had been a completed agreement between the parties, then the trial court erred in determining that the agreement was not unenforceable due to fraud or duress. Alabama recognizes that upon showing of duress or undue influence a party may be relieved of contractual obligations. Head v. Gadsden Civil Service Board,389 So.2d 516 (Ala.Civ.App. 1980). A contract may be rescinded if procured because of fraud or mutual mistake of law. Thomas v. Davis, 241 Ala. 271, 2 So.2d 616 (1941). However, the record in this case contains evidence showing that the agreement was not a result of duress or fraud. There was testimony from the attorney who was representing the wife at that time that she stood her ground in negotiations. He also testified that she had knowledge of the extent of the marital property, and that every piece of furniture, the horses, the dogs, and the money in the bank were discussed thoroughly in negotiations. Thus the record supports the trial court's conclusion.
Appellant's final contention is that the agreement was unfair and inequitable. She claims that the trial court erred in not setting the agreement aside. Alabama law is clear that a settlement agreement which is given effect by a divorce decree must be fair, reasonable, and just. Cary v. Cary, 257 Ala. 431,59 So.2d 659 (1952). It is well within the trial court's discretion to make this determination, thus the question becomes whether there was enough evidence presented at trial to support the court's finding. The trial court in its order took note of evidence in a prior divorce proceeding between the parties which did not lead to a final decree of divorce. That evidence included the value of the marital property involved. There was also testimony adduced in the present case concerning the amount of settlement which the wife would receive, the wife's physical condition, and the husband's salary. Thus we find that there was sufficient evidence to support the trial court's finding that the agreement was not unjust or unfair.
For the foregoing reasons, the judgment of the trial court is due to be affirmed.
The appellant has requested attorney fees in this action. That request is hereby denied.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.