The parties were divorced in 1986. The mother was awarded physical custody of the parties' three minor children. In 1989 the father filed a petition to change custody from the mother to the father. The mother filed a counterclaim and requested an increase in child support. The parties entered into a stipulation of fact and agreement disposing of the custody and child support petitions. The agreement was ratified and adopted by the trial court on March 29, 1991.
On April 26, 1991 the mother filed a motion to set aside the judgment. She alleged, among other things, that there was a potential conflict of interest by her counsel in representing her during negotiation of the agreement. Following oral proceedings, the trial court denied the motion. The mother appeals.
The mother contends the trial court erred in refusing to find the agreement and the following order "null and void." She insists that her attorney's prior dealings with the father created a "potential conflict of interest." She suggests that because of that conflict she was not represented by competent counsel when she entered the agreement.
The record reflects that on March 27, 1991 the parties had a conversation regarding settlement. There was testimony that the mother was willing to settle the matter because she was aware that the father had evidence concerning her habitual drug abuse and other misconduct.
On March 28, 1991 the mother terminated the employment of the attorney who had been representing her in the matter. On that same day she hired Frank Bailey to represent her in effecting a settlement. She testified that she hired Bailey to consummate the agreement she and the father had already reached. She was referred to Bailey by her male companion (who is now her husband).
The mother spent most of the morning of March 28, 1991 in Bailey's office. At that initial meeting Bailey informed the mother that his wife owned the mortgage on the father's office building. Bailey's wife bought the mortgage from a third party in June 1990.
On the afternoon of March 28 the parties met again at Bailey's office before going to the father's attorney's office to negotiate the settlement. Negotiations between the parties lasted for approximately two and one-half hours. At the end of that meeting the parties signed the agreement for change of custody.
Bailey testified that he had advised his client that his wife owned the mortgage on the father's office building. He stated that he did not relate to her that this connection created a "potential conflict of interest" because he did not believe that there was a conflict of interest.
Bailey testified that he made his client well aware of the alternatives available to her: to either settle the case by agreement or proceed with a hearing. Bailey testified that in his opinion his client knowingly and intelligently signed the agreement.
The trial court's judgment comes to this court on appeal with a presumption of correctness, Porter v. Porter, 441 So.2d 921
(Ala.Civ.App. 1983), and will not be disturbed unless it is plainly and palpably wrong. Porter.
The courts of this state favor compromises and settlements of litigation. This is particularly true in cases involving families "since the honor and peace of the family is often at stake." Porter. Agreements reached in divorce actions are as *Page 1375 
binding on the parties as any other contract. Porter. Such agreements will not be set aside "except for fraud, collusion, accident, surprise or some other ground of this nature."Brocato v. Brocato, 332 So.2d 722 (Ala. 1976).
We find no reasonable basis for the mother's assertion that she was not represented by competent counsel. She has failed to carry the burden that the agreement made the basis of the court's order was the product of "fraud, collusion, accident, surprise or some other ground of this nature."Brocato. She has failed to show any misconduct or conflict of interest by her competent counsel. The judgment is binding. The court did not err in refusing to set it aside. This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.