YATES, Judge.
The parties were divorced by the Circuit Court of Mobile County on September 24, 1992. The divorce judgment, incorporating an agreement between the parties, provided that custody of their minor child, Trevor Grantham, be with the father, Gary Grant-ham, with specific visitation rights to the mother, Charity Grantham.
The mother filed a timely “Motion for a New Trial.” In the motion, the mother alleged that the divorce judgment should be set aside because, according to her, the agreement in which custody of Trevor was given to the father had been obtained by fraud and misrepresentation. Accordingly, the mother requested that the trial court grant a new trial, or in the alternative, that the court amend the divorce judgment and award her custody of Trevor. The mother also filed an “Amended Motion for a New Trial or in the Alternative Motion to Modify”, wherein she adopted her allegations set out in her first motion for new trial and she requested the trial court to modify the divorce judgment and grant her custody of Trevor.
The paternal grandparents filed a motion to intervene in this action and this motion was granted by the trial court. The grandparents requested that the divorce judgment be modified on the ground of changed circumstances and asked the trial court to award them custody of Trevor.
Following a hearing, the trial court denied both the mother’s motion for a new trial and also denied the grandparent’s motion to modify. The trial court reaffirmed the custody of Trevor with the father. The mother appeals.
At the hearing on the mother’s motion, the trial court stated, and attorneys for both parties agreed, that it would consider the mother’s “Motion for a New Trial” as a “Motion to Modify Custody” and, therefore, it would use the standard of proof required by Ex parte McLendon, 455 So.2d 863 (Ala.1984) to determine whether there should be a change in custody.
This is not a modification of an original divorce judgment. The mother, here, timely filed a Rule 59(b), AR.Civ.P., post-trial motion claiming fraud and misrepresentation in procuring her signature and agreement to the settlement ultimately incorporated into the final judgment of divorce. Based on the claimed fraud she asked the trial court to award her custody of the minor child. It was improper for the trial court in this instance, albeit with the approval of the attorneys, to consider and treat the mother’s timely filed post trial motion as a “Motion to Modify Custody” requiring the mother to comply with the stricter standard of McLen-don. '
The facts contained in the record reveal that at the time of these proceedings the mother was 19 years old. The father was stationed with the Navy in Norfolk, Virginia, and therefore, did not live with Trevor. Trevor had been living with his paternal grandparents. Furthermore, there was a prior divorce agreement signed by both parties that awarded custody of Trevor to the mother. This agreement, however, was never finalized because the attorney was not paid for his services.
It is not clear from the record whether the trial court considered the mother’s fraud claim. Therefore, we remand this case for a determination by the triarcourt on the question of possible fraud. If fraud is found, then the trial court must make a redetermination of custody based on the “best interests” standard. See Hall v. Hall, 571 So.2d 1176 (Ala.Civ.App.1990). If no fraud is found, custody pursuant to the original agreement of the parties and incorporated into the final judgment of divorce, should be reaffirmed by the trial court. The father’s request for attorney’s fees on appeal is denied.
*918 REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.