Although I concur with the majority that this case must be reversed for failure to apply the appropriate legal standard, I do not agree that the trial court should be instructed to award custody to either party.
Matters pertaining to custody rest soundly within the discretion of the trial court, and they come to this court clothed with the ore tenus presumption of correctness.Williams v. Williams, 402 So.2d 1029 (Ala.Civ.App. 1981). "The perception of an attentive trial judge" is especially important in custody cases. Williams at 1032. It is my opinion that this case should be reversed and the cause remanded for the trial court to reconsider the evidence utilizing the appropriate standard. Poe v. Capps, 599 So.2d 623 (Ala.Civ.App. 1992). In recognition of the great deference given to the discretion of the trial court, the appellate courts of this state have, with substantial consistency, remanded custody cases for the trial court to reconsider, or to take additional evidence, utilizing the proper standard as enunciated by the appellate tribunal. See Ex parte R.C.L., 627 So.2d 920 (Ala. 1993); Grantham v.Grantham, 628 So.2d 916 (Ala.Civ.App. 1993); Evans v. Evans,642 So.2d 474 (Ala.Civ.App. 1993); Terry v. Terry,598 So.2d 966 (Ala.Civ.App. 1992); and Clayton v. Clayton,598 So.2d 929 (Ala.Civ.App. 1992). As an error-correcting court, it continues to be my position that "the more proper course would be for this court to reverse and remand the cause for further proceedings, so that the trial court may make a determination utilizing the proper standard. Regardless of the standard used, the result may be the same." W.B.Z. v. D.J., 645 So.2d 300
(Ala.Civ.App. 1993) (Thigpen, J., concurring in part and dissenting in part). *Page 46