Because I would affirm the trial court on all issues addressed, I must respectfully dissent in part. Specifically, I would affirm the trial court's finding and property division as stated in its order: "The parties have accumulated savings in the name of one or more parent and one or more children. These funds shall be divided equally between the parties."
The trial court is in the best position to observe the witnesses and to determine their credibility. Porter v. Porter,441 So.2d 921 (Ala.Civ.App. 1983). In its order, the trial *Page 1005 
court expressed its difficulty regarding the credibility of the parties and noted that "this Court has, nevertheless, struggled to find the truth from the evidence presented."
The wife's testimony revealed that years earlier, accounts had been established for the purpose of the children's education. She testified that she did not put the husband's name on the accounts because she considered the funds in those accounts to belong to the children. Nevertheless, she testified that she placed her name on the accounts "because I don't blow money like [the husband] does." The wife's own testimony could support a finding that the accounts were established from marital funds and that the wife had access and control of the accounts. Although the trial court made no express findings regarding the nature and control of the accounts, as previously indicated, the trial court expressly found that the funds were "accumulated savings" of the parties and the evidence supports a finding that the accounts are marital funds subject to the property division. In light of the presumption of correctness accompanying the trial court's judgment and that supportive evidence, I find no error here.