Mary Gwendolyn Culver filed an action for divorce against Johnnie Clifton Culver on August 13, 1992. On June 8, 1993, after hours of negotiations, the parties, through counsel, recited into the record a settlement agreement. The trial court ratified the agreement and requested that the wife's attorney prepare the final judgment of divorce.
On the following day the trial court was notified that the husband wished to repudiate his agreement as it pertained to the award of alimony. The provision of the agreement concerning the award of alimony, as recited into the record, was as follows:
 "There is an award of periodic alimony based upon the earned income of the wife of twenty-three thousand dollars ($23,000) and fifty-one thousand dollars ($51,000) for the [husband]. That alimony being four hundred dollars ($400) per month for a period of twelve years provided there is no cohabitation or remarriage by the [wife] and, of course, subject to change should incomes substantially change, and as the law sets out, rearrange or readjust the alimony according to the means of the parties at the time there is a petition to come back to court."
The husband retained different counsel, and on June 16, 1993, he filed a "Motion to Vacate the Judgment and for New Trial." He alleged that the "terms of the judgment [were] impossible for him to perform and would cause [him] severe financial and psychological problems now and in the future." The husband requested that the trial court grant a new trial so that he could present evidence to support his allegations.
For reasons unknown to us, on June 18, 1993, the trial court entered the final judgment of divorce in accordance with the settlement agreement of the parties. The husband's motion for a new trial was set for a hearing on June 29, 1993.
Counsel for both parties were present at the hearing and presented arguments to further their clients' positions. The husband argued that the agreement should be set aside because the figure depicting his earned income was made in error. His counsel asserted that the husband's disposable income was approximately $42,000, rather than the $51,000 used by the parties in their negotiations. The discrepancy was due to the fact that the parties did not consider the approximate $9,000 that the husband expended for business expenses. The wife argued that the agreement was a binding contract and that it could not be modified.
Following the hearing, the trial court modified the provision of the judgment concerning alimony. It determined that the wife would receive $400 per month for nine years. It further provided that the amount of alimony would decrease to $275 per month once the wife retired an outstanding student loan. The trial court made the following findings to support its amended order:
 "1. The court used the total income of the [husband] rather than the earned income to set both the term and the amount of alimony as indicated from the judgment, as well as the negotiations toward settlement.
 "2. After the alimony was determined, it was understood by both parties, through counsel, that the alimony may be modified after the agreement for the [wife] to pay the student loan in Paragraph 11 of the order is paid. *Page 23 
 "3. That in order to continue the respect of the court, and when the court is used to further the negotiations of the parties, and when an error is made, the court has both a duty and obligation to see that it is corrected.
 "4. While the parties have provided for the means to modify the order as to the issue of alimony and are free to attempt a modification upon the happening of some future event as to the issue of alimony, the court is of the opinion that this matter should be corrected since the court, by agreement of the parties, was directly involved with the negotiations, stipulations, and decisions reached in the agreement.
 "5. The agreement of the parties was stated in open court, and the law recognizes the binding agreement should not be disturbed, except that this court cannot allow an error made on its own behalf to continue uncorrected since the court was directly involved in the negotiations which led to the settlement in which the parties placed their trust.
 "6. This court is of the opinion that the primary issue for amending this order is the issue of alimony, and the disruption of setting aside the entire divorce to rectify only a portion of the order is inappropriate when the court has a right and duty to correct an error.
 "7. The disruptive effect of setting the entire order aside does not justify a new trial when the issue at hand can be better accomplished by amending, on its own motion, the previous order as it relates to the issue of alimony."
The wife appeals and asserts that the trial court erred in amending the judgment of divorce. She insists that the negotiated agreement was binding as an enforceable contract and that it could not be set aside on the basis of the husband's contention.
The courts of this state favor compromises and settlements of litigation. This is particularly true in cases involving families "since the honor and peace of the family is often at stake." Porter v. Porter, 441 So.2d 921 (Ala.Civ.App. 1983). Agreements reached in divorce actions are as binding on the parties as any other contract. Porter. A trial court has the discretionary authority to permit a party to repudiate its agreement for good cause shown. Porter. Good cause includes "fraud, collusion, accident, surprise or some other ground of this nature." Borders v. Borders, 597 So.2d 1373
(Ala.Civ.App. 1992).
The record reflects that the trial court was involved in the parties' negotiations. To what extent is uncertain. The court's order, however, reflects that the trial court was somewhat responsible for the parties' agreement concerning the award of alimony. Following the hearing on the husband's motion, the trial court determined that the negotiations and the ensuing agreement were based on an incorrect figure depicting the husband's earned, disposable income. Because of its involvement in the negotiations, the trial court determined that it had an obligation to correct the error.
We find the court's determination to set aside the judgment to be supported by "good cause." We find no error in that decision.
We are, however, concerned with the court's ex mero motu amendment to the judgment. Although it appears that the trial court heard evidence in chambers during the negotiations, there is no record of the evidence from which the amendment of the amount of alimony was derived, nor was the wife given an opportunity to contest the amendment. The wife should be given the opportunity to present evidence to support the initial agreement as it pertains to the award of alimony or to present evidence to rebut the husband's post-judgment assertions.
The judgment of the trial court to set aside the award of alimony is affirmed. The trial court's ex mero motu amendment to the judgment of divorce is reversed and the cause remanded for trial of the issue of alimony on the merits.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court. *Page 24 
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
All the Judges concur.