Carolyn Junkin filed an action for divorce against Clatus Junkin in January 1993. The husband answered and counterclaimed. On June 14, 1993, after hours of negotiations, the parties, through counsel, recited into the record a settlement agreement. The agreement disposed of all financial issues, including the payment of the wife's attorney fees and costs. The parties agreed that the only issues remaining to be tried were custody, visitation, and tax deductions for the care of the children.
Testimony was taken on the remaining issues on June 15, 1993. Following the hearing, the trial court requested that the parties submit their agreement. On October 15, 1993, counsel for the parties submitted the proposed agreement. On October 23, 1993, the trial court entered the judgment of divorce. The trial court did not adopt the parties' agreement concerning the payment of the wife's attorney fees and costs. Rather, it made the parties responsible for their own fees and costs. The wife filed a motion for a new trial, requesting that the provision of the agreement concerning attorney fees and costs be reinstated. The trial court declined to rule on the matter, and it was effectively denied by inaction. The wife filed a timely notice of appeal.
The wife asserts that the trial court erred in refusing to adopt and incorporate the parties' agreement as it pertained to the payment of her attorney fees, accountant's fees, and costs.
The overall agreement reached by the parties was rather complex due to tax consequences. The central and novel provision of the agreement was the creation of a "marital assets properties" partnership (MAP). Substantially, all the marital assets, along with the extensive debts, were to be put in trust. Although the husband would essentially continue to maintain control over the operations of the assets in the partnership, the wife would have a one-third ownership of all the properties and all the debts included. The husband would have a two-thirds ownership.
The provision of the agreement concerning attorney fees, as recited into the record by the husband's attorney, was as follows:
 "The last item that I have on mine we have agreed to handle the attorney's fees for the *Page 799 
wife and the accountants' fees for both parties in this divorce proceeding as follows.
 "When we have completed the paperwork, Mr. Knowles [wife's attorney] and I will attempt to agree on what is a reasonable figure for his attorney's fee. If we are unable to do so, he will submit to the court an affidavit concerning his services and his claims of fees. We will on behalf of the husband within ten days from the date of his filing submit a counter affidavit or affidavit that we feel to be appropriate, and the court can determine the amount of that fee. Mr. Humber's bill for accounting services will be submitted, and I guess the right to contest it would be as it is in any other case, and we will resolve it at the time and the same thing with Mr. Hocutt's bill. All of these bills though will be deemed to be expenses of this marital partnership and to be paid out of those businesses."
The wife's attorney added:
 "Perhaps we should explain that without going into detail. The reason we are doing all this is the reality is at this point and time because of investments in the businesses there really is no other place for the money to come from without getting another loan. We don't want to do that."
The trial court disregarded the parties' agreement concerning attorney fees and costs and entered the following order:
 "11. In view of the circumstances in this cause, the agreements of the parties, and the unreasonable length of time involved in trying to effectuate an executed agreement between the parties, it is hereby ORDERED, ADJUDGED, and DECREED that each party shall be responsible for his or her accountant's or attorney's fees which were incurred as a result of this litigation.
 "12. It is further ORDERED, ADJUDGED, and DECREED that any unpaid Court costs which have accrued in this cause shall be taxed to the party at whose instance said costs were incurred, and execution may issue for the collection of said costs."
The courts of this state favor compromises and settlements of litigation. This is particularly true in cases involving families "since the honor and peace of the family is often at stake." Porter v. Porter, 441 So.2d 921 (Ala.Civ.App. 1983). Agreements reached in divorce actions are as binding on the parties as any other contract. Porter. The trial court, however, is not bound by the agreement of the parties. Baumlerv. Baumler, 368 So.2d 864 (Ala.Civ.App. 1979). The trial court may adopt or reject such parts of the agreement as it deems proper from the situation of the parties as shown by theevidence. Baumler. Therefore, the question becomes whether there was enough evidence presented to the trial court to support its finding. Tidwell v. Tidwell, 505 So.2d 1236
(Ala.Civ.App. 1987).
The agreement disposed of all the parties' financial issues. The hearing concerned custodial issues only. There was no evidence presented to the court relating to the status of the parties in relation to the issue of attorney fees and costs. The trial court's order appears to be premised on what it deemed to be "the unreasonable length of time involved in trying to effectuate an executed agreement between the parties." However, the record contains no evidence concerning the reason for the delay, or if one party or another caused the delay. The trial court's unilateral decision concerning the award of attorney fees and costs was not supported by the evidence, as there was no evidence presented on the issue.
The judgment of the trial court is reversed. The cause is remanded for the trial court either to enter an order incorporating the parties' agreement as it pertains to attorney fees and costs or to hold a hearing to allow the parties to present evidence on the same. Culver v. Culver, [Ms. AV93000305, August 19, 1994] ___ So.2d ___ (Ala.Civ.App. 1994).
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court. *Page 800 
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., dissents.