YATES, Judge.
This is the second time this case has been before us. The trial court divorced the parties on September 24, 1992, incorporating into the divorce judgment an agreement between the parties; that agreement provided for the father to have custody of the minor child, with specific visitation rights to the mother. In October 1992, the mother filed a post-trial motion, pursuant to Rule 59(b), Ala. R.Civ.P., alleging that the agreement had been obtained by “fraud, misrepresentation, duress, undue influence and deceit.” After a hearing, the trial court denied the motion. The mother appealed to this court. We concluded that it was not clear from the record whether the trial court had considered the mother’s fraud claim, and we remanded the case for the trial court to make a determination on the question of possible fraud. See Grantham v. Grantham, 628 So.2d 916 (Ala.Civ.App.1993).
*901 On remand, the trial court held a hearing on the fraud issue, and found “no fraud nor misrepresentation in the [husband’s] procuring the [wife’s] signature in agreement to the settlement which was ultimately incorporated into a final judgment of divorce.” The mother appeals, contending that that finding was erroneous.
The trial court’s judgment comes on appeal to this court with a presumption of correctness, and it will not be disturbed unless it is plainly and palpably wrong. Porter v. Porter, 441 So.2d 921 (Ala.Civ.App.1983). Agreements between parties to divorce actions are generally binding, and such agreements will not be set aside, “except for fraud, collusion, accident, surprise or some other ground of this nature.” Brocato v. Brocato, 332 So.2d 722, 724 (Ala.1976). The elements of a fraud claim are: 1) that a party misrepresented a material fact, 2) that the misrepresentation was made willfully to deceive, or recklessly without knowledge, 3) that the misrepresentation was justifiably relied upon under the circumstances, and 4) that the party relying on the misrepresentation incurred damage as a proximate result of the reliance. Ramsay Health Care, Inc. v. Follmer, 560 So.2d 746 (Ala.1990). A movant seeking, on the grounds of fraud, to set aside an agreement must show that at the time the promise was made, “the promisor had no intention of carrying out the promise, but rather had a present intent to deceive.” Purcell Co. v. Spriggs Enterprises, Inc., 431 So.2d 515, 519 (Ala.1983). “The failure to perform, alone, is not evidence of intent not to perform at the time the promise was made.” Id., at 519.
The mother alleged in her motion for a new trial that the agreement “was a ruse obtained by misrepresentation in order [for the paternal grandmother] to gain custody of the minor child.” She testified by affidavit: “Since the divorce decree was granted, [the father] has returned to Norfolk, Virginia and [the paternal grandmother] has taken custody of my son and refuses to allow me to talk to him, to see him, to have visitation with him in any manner.”
The father, who is in the United States Navy and stationed in Norfolk, Virginia, testified by affidavit:
“I told my wife that she could see our son at any time regardless of the divorce terms and she would irom time to time spend the night with my mother to be with the child. At no time was my wife threatened or coerced in any way nor were any facts misrepresented to her in order to obtain custody.”
Further, at the hearing he testified that he had told the mother that her access to the child would continue just as it was, despite the fact that the mother was giving him custody of the child. It is undisputed that the parties had orally agreed to a less rigid visitation schedule than that contained in the written agreement. However, the mother presented no substantial evidence that, at the time the agreement was made, the father did not intend to abide by their agreement.
Accordingly, because there is no evidence to indicate that an intent to defraud existed at the time the agreement was executed, we must affirm the judgment of the trial court. The father’s request for an attorney fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, MONROE and CRAWLEY, JJ., concur.