MURDOCK, Judge.
M.D.L. (“the mother”) appeals from a_ final judgment entered by the Madison Juvenile Court on a petition to modify visitation filed by M.R.C. (“the father”) with regard to the parties’ minor child. We affirm in part and reverse in part.
The father filed a petition to modify visitation on December 28, 2001. The mother filed a counterclaim for past-due child support. The parties reached an agreement that was read into the record (“the settlement agreement”). The trial court then directed the father’s counsel to prepare the final order for the court. The trial court entered its final judgment on September 9, 2003, noting at the outset: “[T]he parties notified the Court that they had reached an agreement between them as to all issues, and the Court having been presented the stipulated agreement of the parties and finding that the parties’ agreement should be made the Order of the Court, it is: .... ” Following this introduction from the trial court, the details of the settlement agreement are purportedly set out in the final judgment.
However, the mother appeals from the final judgment, contending that it does not reflect the settlement agreement' reached by the parties; therefore, she contends, the judgment should be reversed and the cause remanded for the trial court to enter a judgment completely consistent with the settlement agreement reached by the parties. Specifically, the mother contends that the final judgment deviates from the settlement agreement in four ways:[1]
1. The final judgment orders the mother to share the costs of transporting the child to Florida for the father’s visitation. The settlement agreement does not include any such requirement.
2. The settlement agreement stipulates that child support is to be calculated in accordance with Rule 32, Ala. R. Jud. Admin., but the paperwork accompanying the final judgment does not meet the requirements of Rule 32 and, therefore, the calculation of child support is in error, as is the arrearage derived from the child-support figures.
3. The final judgment directs the father to pay $100 per month toward his child-support arrearage, whereas the settlement agreement dictates that the father must pay $200 per month toward his child-support arrearage.
4. The final judgment requires the mother to give the father a dollar-for-dollar credit on the accrued interest on his child-support arrearage for the amounts expended by the father to pay for counseling for the child and the mother. ' The settlement agreement states that the mother shall reimburse the father for one-half of all counseling expenses of the parties if the father remains current on his child support and participates in counseling as directed by the counselor.
“A validly executed settlement agreement is as binding, on the parties as any other contract.” Grayson v. Hanson, 843 So.2d 146, 150 (Ala.2002). Rule 47, *878 Ala. R.App. P., provides in part that “agreements' made in open court or at pretrial conferences are binding, whether such agreements are oral or written.” Also, the trial court explicitly concluded in its final judgment that “the parties’ agreement should be made the Order of the Court.” Thus, any deviation between the settlement agreement and the final judgment must be reconciled.
Concerning the costs associated with the father’s visitation with the child, the final judgment states that “the costs of any out-of-state visitation ... shall be equally divided between the parties for visits in the summer and the Christmas/New Year holiday periods while all other expenses of visitation shall be paid by the [father].” Nothing in the settlement agreement addresses who will be responsible for the costs of the father’s visitation. Thus, the mother is correct that this part of the final judgment deviates from the settlement agreement between the parties and therefore must be corrected.
Regarding the calculation of child support, both the final judgment and the settlement agreement express the parties’ agreement that the amount of child support has been determined by application of the Child Support Guidelines established by Rule 32, Ala. R. Jud. Admin., and list the resulting amount of child support to be paid by the father. The amount listed as child support to be paid by the father is identical in both the final judgment and the settlement agreement. Moreover, the mother fails to provide a detañed explanation of how the father’s child-support obligation listed in the final judgment is based on erroneous calculations, and we do not see any discrepancies between the figures used in the final judgment and those used in the settlement agreement. Therefore, the mother is incorrect in her assertion that the calculation of child support in the final judgment is in error.
Concerning the father’s child-support arrearage, the final judgment states that “[t]he Court orders the [father] to pay the [mother] the sum of One Hundred and No/100 ($100.00) Dollars each month until such time as the arrearage set forth herein is fully paid and satisfied.” However, according to the record, the settlement agreement provides that “the Court ... would then establish an arrearage of child support to be paid by [the father] because there will be an arrearage, and that [the father] will pay $200 a month toward the arrearage.... ” Thus, the amount of the arrearage payment listed in the final judgment differs from the amount listed in the settlement agreement; this error by the trial court is due to be corrected.
Finally, with regard to the expenses associated with counseling, the final judgment states that
“for so long as the [father] timely pays the current child support as ordered herein and participates in the counseling as directed by the counselor, the [father] shall receive a credit and setoff equal to One and No/100 ($1.00) Dollar toward the payment of the interest assessed against the child support arrearage as ordered herein for each One and No/100 ($1.00) Dollar paid by the [father] for the costs of evaluation and counseling incurred on behalf of the [mother] and the minor child.... ”
The settlement agreement provides, in pertinent part:
“That where [the father] has performed and met with the counselor, where he has paid his child support as [it] is to be paid, then at the point where the counselor makes the final determination with regard to a visitation schedule with regard to the parties, [the mother] ... is going to reimburse [the father] one-half of the cost of the counseling.”
Thus, concerning the reimbursement for counseling expenses, the mother is again *879 correct that the terms of the final judgment differ with the terms of the settlement agreement. This deviation is error and is due to be corrected.
Based on the foregoing, we conclude that the trial court’s final judgment deviates from the terms of the settlement agreement between the parties in three of the four ways alleged by the mother in this appeal. Accordingly, we affirm that part of the trial court’s judgment that pertains to the calculation of child support; we reverse those parts of the judgment that address who is responsible for the costs associated with the father’s visitation with the parties’ child, ,the amount the father is to pay monthly toward his child-support arrearage, and the mother’s reimbursement to the father for counseling expenses. The cause is remanded to the trial court for the trial court to conform its judgment to the terms of the settlement agreement.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, Jj., concur.

. The father did not submit a brief in this appeal.