PITTMAN, Judge.
Lisa Michelle Blackledge (“the wife”) appeals from a judgment of the Clarke Circuit Court divorcing her from Jamie L. Blackledge (“the husband”).
The husband filed a complaint for a divorce on April 6, 2009. The wife filed an answer to the husband’s complaint, along with a counterclaim also seeking a divorce. On November 4, 2011, the parties appeared for the trial setting and stated to the court that they had reached a settlement. The trial court entered a final judgment of divorce indicating that the court was satisfied with the terms of the agreement as stated on the trial date. The judgment divorced the parties and further resolved issues relating to, among other things, child custody and visitation, child support, property division, and debt settlement. With regard to the marital home, the judgment stated, in pertinent part:
“A. The [wife] shall be awarded the exclusive possession of the marital home ..., its contents (excluding any specifically listed below), and the real property *892 upon which it is located, and the [husband] shall be .divested of any right, title, or interest therein. The [wife] shall be responsible for paying and satisfying any and all mortgages, notes, and/or debts associated with the home, including but not limited to the Mortgage and Note owed to Vikki Shows dated September 27, 2004, and the [wife] shall indemnify and hold the [husband] harmless from any claims of creditors.
“B. The [wife] shall pay the [husband] the sum of fifty thousand dollars ($50,000,00) which shall represent the [husband’s] equitable interest in the marital home and property. The sum shall be paid to the Clerk of the court within thirty (80) days of the date of this Order.”
The wife filed a motion to alter, amend, or vacate the judgment, arguing, among other things, that the parties had not agreed to the requirements in the judgment that the wife would be responsible for payment of the mortgage and other debts associated with the marital home and that she would indemnify the husband from any claims of creditors. Following a hearing on the wife’s motion, the trial court amended the divorce judgment; the portion regarding the marital home was amended as follows:
“A. The [wife] shall be awarded the exclusive possession of the marital home ..., its contents (excluding any specifically listed below), and the real property upon which it is located, and the [husband] shall be divested of any right, title, or interest therein. The [wife] shall indemnify and hold the [husband] harmless from any note and mortgage indebtedness on the marital home, specifically but not limited [to], the note and mortgage with Vikki Shows dated September 27, 2004.”
Paragraph B of that section remained the same as the corresponding section in the original judgment of divorce. The wife filed her notice of appeal to this court on June 15, 2012.
On appeal, the wife argues that, because the portion of the trial court’s divorce judgment addressing the marital home deviated from the terms of the parties’ settlement agreement as stated in open court, the inclusion of those terms was in error. Having reviewed the transcript of the proceedings below, we agree with the wife that there was no mention of the marital home whatsoever in the recitation of the terms of the parties’ agreement; rather, the agreement that the wife pay the husband $50,000 was stated without regard to the marital home.
The wife cites Junkin v. Junkin, 647 So.2d 797 (Ala.Civ.App.1994), in which this court reversed a judgment that deviated from the parties’ settlement agreement when no evidence had been presented on the disputed issue. The wife also cites M.D.L. v. M.R.C., 891 So.2d 876 (Ala.Civ.App.2004). In M.D.L., this court reversed a judgment insofar as the terms therein deviated from the terms of the settlement agreement between the parties. 891 So.2d at 879. Finally, the wife cites J.F. v. D.C.W., 896 So.2d 577 (Ala.Civ.App.2004); in that case, like in Junkin, this court reversed a judgment when no evidence had been presented on an award that was included in the judgment that deviated from the settlement agreement on which the judgment had been based. 896 So.2d at 581.
The cases cited by the husband indicate that the trial court may accept or reject a settlement agreement, in whole or in part, see Williams v. Williams, 261 Ala. 328, 337, 74 So.2d 582, 591 (1954), and Porter v. Porter, 441 So.2d 921, 924 (Ala.Civ.App.1983); however, neither of the cases cited *893 by the husband stand for the proposition that a trial court may reject or modify a portion of a settlement agreement when no ore tenus evidence has been presented to the court. In the present case, the transcripts of the proceedings that occurred on the trial date, at which the parties announced that they had reached a settlement agreement, and of the hearing on the wife’s postjudgment motion, reveal that no ore tenus evidence was presented to the trial court. Indeed, at the hearing on the postjudgment motion, the trial court agreed that it should hear ore tenus evidence regarding the disposition of the marital home barring an agreement of the parties as to that issue. Based on Junkin and the other cases cited by the wife, we reverse the trial court’s judgment and remand the case for the entry of a judgment in accordance with the actual agreement of the parties or for the presentation of evidence for the trial court’s consideration in formulating an equitable judgment in accordance with the cases discussed in this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.