REL:  December 9, 2022

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### CL-2022-1055

_____

**Ex parte Hunter Williams**

**PETITION FOR WRIT OF MANDAMUS**

**(In re:  William P. Gowan**

**v.**

**Hunter Williams)**

**(Elmore Circuit Court, DR-14-900370.04)**

MOORE, Judge.

Hunter Williams ("the mother") filed a petition for a writ of mandamus asking this court to direct the Elmore Circuit Court ("the trial

court") to vacate its August 31, 2022, order, in which the trial court "set aside" part of an agreement entered into by the mother and William P. Gowan ("the father") relating to the custody of their child. For the following reasons, we deny the petition.

Background

The materials submitted in support of and in opposition to the petition for a writ of mandamus indicate the following. The parties were never married, but their relationship produced a child who was born in 2012. In a judgment entered in 2017, the trial court awarded the parties joint legal custody, and the mother sole physical custody, of the child, subject to the father's right to visitation. In 2020, the father filed a petition to modify the 2017 judgment. On February 16, 2022, when the case was called for trial, the parties announced in open court that they had reached a settlement agreement. The attorneys for the parties informed the trial court of the terms of the settlement agreement, which provided, among other things, that the parties would share joint legal and joint physical custody of the child and that, following the end of the 2021-2022 school year, the child would reside with the mother during

subsequent school years. After placing each party under oath, the trial court questioned each party as to whether the attorneys had accurately stated the agreement and questioned the guardian ad litem for the child regarding whether she also approved of the agreement. After each party and the guardian ad litem answered affirmatively, the trial court concluded the proceedings and entered an order providing, in pertinent part: "Agreement accepted by this Court. Written order of agreement to follow."

The parties drafted proposed orders for the trial court, but neither party submitted a proposed order for the trial court to enter as a final judgment in the case. On August 2, 2022, the father filed a motion asserting that it would be in the best interests of the child to set aside the settlement agreement based on new facts that had arisen since the February hearing. The mother filed an objection to the motion. On August 4, 2022, the father filed a motion requesting that the trial court enter an order allowing the father to enroll the child in a school in Oak Mountain. On August 5, 2022, the mother filed a motion requesting that the trial court enforce the settlement agreement, order the father to

return the child to her upon the commencement of the 2022-2023 school year, and allow the child to attend school in Tallassee, where the child was already enrolled.

On August 11, 2022, the trial court entered an order granting the father's motion to allow the child to enroll in an Oak Mountain school and set the case for a hearing on the father's motion to set aside the settlement agreement. On August 31, 2022, the trial court, after receiving arguments from the parties and the guardian ad litem for the child, entered an order providing, in pertinent part: "Motion to set aside settlement agreement is granted, insofar as it [a]ffects the present custody and school attendance on the parties' child for the 2022-2023 school year." On October 6, 2022, the mother filed this petition for the writ of mandamus.

<u>Issues</u>

The mother contends that the August 31, 2022, order should be vacated because, she says, the parties entered into a binding agreement in open court on February 16, 2022, and the trial court could not modify

that agreement without the consent of both parties and without receiving evidence to support a modification.

## Standard of Review

"Mandamus is an extraordinary remedy. An appellate court will grant a petition for a writ of mandamus only when '(1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked.' Ex parte Flint Constr. Co., 775 So. 2d 805, 808 (Ala. 2000) (citing Ex parte Mercury Fin. Corp., 715 So. 2d 196, 198 (Ala. 1997))."

Ex parte Amerigas, 855 So. 2d 544, 546-47 (Ala. Civ. App. 2003).

## Analysis

In Porter v. Porter, 441 So. 2d 921 (Ala. Civ. App. 1983), Lucy and Milton Porter entered into an agreement to settle their divorce action. The Porters' attorneys dictated the terms of the settlement agreement into the record. The Morgan Circuit Court ordered the parties to reduce the settlement agreement to written form to be submitted to the court for incorporation into the final judgment of divorce. Lucy subsequently filed a motion to enforce the settlement agreement, to which Milton responded by claiming that the settlement agreement was not binding because Lucy

had fraudulently induced him into the settlement agreement. The circuit court refused to set aside the settlement agreement. On appeal, Milton asserted that the circuit court had erred in enforcing the settlement agreement. This court rejected that argument, relying on Rule 47, Ala. R. App. P., which provides, in pertinent part, that "agreements made in open court ... are binding, whether such agreements are oral or written," and on <u>Brocato v. Brocato</u>, 332 So. 2d 722, 724 (Ala. Civ. App. 1976), in which this court rejected an argument that a settlement agreement could be repudiated "before any of the provisions were carried out."

The mother relies heavily on <u>Porter</u> in arguing that the trial court was required to enforce the settlement agreement in this case. However, the mother overlooks a significant part of the <u>Porter</u> opinion, in which this court stated: "It must be recognized that though an agreement may be binding upon the parties in a divorce case, it is not binding upon the court. In rendering judgment, the court may accept or reject such an agreement, in whole or in part." 441 So. 2d at 924. In this case, the trial court did not render a judgment adopting the settlement agreement. The trial court initially indicated in its February 16, 2022, order that it had

"accepted" the settlement agreement, but the trial court further indicated that it intended to "follow" up with a written judgment. Under Rule 58(b), Ala. R. Civ. P., a judgment or order becomes effective once it is reduced to a writing signed or initialed by the judge that "indicates an intention to adjudicate, considering the whole record, and … indicates the substance of the adjudication." In this case, the materials submitted by the parties indicate that the trial court requested proposed orders from the parties before formally approving the settlement. Our supreme court has held that a trial court's decision indicating that a motion is due to be granted and directing counsel to draft a proposed order granting the motion does not amount to the entry of a judgment or order under Rule 58(b). See Ex parte Chamblee, 899 So. 2d 244 (Ala. 2004). Unless the trial court enters a written order setting forth its approval of the settlement agreement, the settlement agreement is not part of a judgment rendered by the trial court.

In Blasé v. Brewer, 692 N.W.2d 785 (S.D. 2005), the unmarried parents of a minor child reached a mediated settlement agreement regarding custody and visitation issues relating to their child. A South

Dakota circuit court approved the settlement agreement, but, before a final judgment was entered, the court allowed the unwed mother to repudiate the settlement agreement, and the case proceeded to trial. The unwed father appealed, asserting that the settlement agreement was binding under South Dakota law. The Supreme Court of South Dakota disagreed, holding that, although a state statute indicated that mediated settlement agreements generally would be binding upon approval of the court, in child-custody cases a court can always revisit its determination to assure that the settlement agreement serves the best interests of the child. The South Dakota Supreme Court acknowledged that the lower court had initially approved the settlement agreement but held that the lower court "still owed a duty to ensure that the agreement was in the best interest of the child before issuing a final judgment." 692 N.W.2d at 787. The South Dakota Supreme Court further held that the lower court could reject the settlement agreement without proof of changed circumstances.

In this case, Rule 47, Ala. R. App. P., provides that agreements made in open court shall be binding; however, despite that wording, the

trial court retained the authority to reject the settlement agreement, in whole or in part, in a subsequent judgment if it determined that such a rejection would be in the best interests of the child. In this case, by granting the father's motion to set aside part of the settlement agreement, the trial court at least impliedly determined that part of the settlement agreement should not be enforced because it did not serve the best interests of the child.

The mother complains that the trial court did not receive any evidence as to the child's best interests during the August 31, 2022, hearing. See generally Williams v. Williams, 318 So. 3d 508 (Ala. Civ. App. 2020). However, the materials submitted by the mother in support of her mandamus petition do not disclose that the mother ever argued to the trial court that it could not set aside the settlement agreement without first holding an evidentiary hearing. The materials show only that the trial court scheduled a hearing on the father's motion to set aside the settlement agreement and that the mother's counsel attended the hearing, along with the father's counsel and the guardian ad litem for the child. The materials do not contain any written request for an

evidentiary hearing, and, because the hearing was not on the record, we cannot discern whether the mother orally requested an evidentiary hearing or objected to the trial court's ruling without first conducting an evidentiary hearing. From all that appears before this court, the mother waived any right she may have had to an evidentiary hearing. See Rule 21(a)(1)(F), Ala. R. App. P. (requiring petitioner to include in an appendix to the petition for the writ of mandamus all materials "essential to understanding the matters set forth in the petition"). This court cannot issue a writ of mandamus to compel the trial court to perform an act that it was never requested to perform. Ex parte City of Prattville, 56 So. 3d 684, 689 (Ala. Civ. App. 2010).

The mother has not shown a clear legal right to an order compelling the trial court to vacate the August 31, 2022, order. Therefore, we deny the petition for a writ of mandamus.

PETITION DENIED.

Thompson, P.J., and Hanson and Fridy, JJ., concur.

Edwards, J., concurs in the result, without opinion.