Agnes Wilcoxen ("the wife") appeals from a judgment of the Bessemer Division of the Jefferson Circuit Court divorcing her from Mark Wilcoxen ("the husband"). We affirm in part, reverse in part, and remand with instructions.
The parties were married in Mobile County on May 7, 1988. Two children, a daughter and a son, were born of the marriage. At the time of the parties' divorce, the daughter was 11 years old and the son was 9 years old. The husband filed a complaint for a divorce on March 26, 2003, asserting that an incompatibility of temperament had arisen between the parties and that the wife had committed adultery during the marriage. The parties agreed that they would share custody of the minor children pending a final hearing, and the trial court entered an order ratifying that agreement.
On March 2, 2004, on the date that the trial court had scheduled a hearing on the parties' numerous pending motions, the husband and the wife entered into a typewritten settlement agreement that was filed with the trial court. On March 22, 2004, the husband filed his sworn testimony and also filed Child Support Guidelines Forms CS-41, CS-42, and CS-43 (see generally
Rule 32, Ala. R. Jud. Admin.). Two days later, the trial court entered a judgment divorcing the parties; the trial court incorporated into that judgment the parties' settlement agreement. In that judgment, each party was awarded primary custody of one child and the husband was *Page 449 
directed to pay child support in the amount of $850 per month to the wife.
On March 29, 2004, new counsel appeared on behalf of the wife and requested that the case be set for trial; four days later, on April 2, 2004, the wife filed a postjudgment motion seeking to vacate the trial court's divorce judgment. On April 15, 2004, the husband moved the trial court to hold the wife in contempt; the wife later answered that motion and denied the husband's allegations. On April 30, 2004, the husband filed a response to the wife's postjudgment motion and requested that the trial court require the wife to execute and file with that court completed Child Support Guidelines Forms CS-41, CS-42, and CS-43.
On May 4, 2004, the trial court held a hearing on the wife's postjudgment motion. On May 21, 2004, the trial court denied the wife's motion and set the husband's contempt motion for a hearing on July 7, 2004. The trial court also ordered the wife to execute the child-support-guidelines forms and to provide proof of income at the July hearing. The wife appeals.[1]
The wife contends that the trial court abused its discretion in failing to vacate the divorce judgment because, she says, she did not consent to the terms of the settlement agreement that was incorporated into the trial court's divorce judgment. She also contends that the trial court abused its discretion in its award of child support.
This court has held that agreements that are reached in divorce actions are as binding on the parties as any other contract.Porter v. Porter, 441 So.2d 921, 923 (Ala.Civ.App. 1983); seealso Junkin v. Junkin, 647 So.2d 797, 799 (Ala.Civ.App. 1994). However, although such agreements are binding on the parties, they are not binding on the trial court. Porter,441 So.2d at 924. A trial court has the discretionary authority to permit a party to repudiate an agreement in contemplation of divorce if that party is able to show "good cause." Culver v. Culver,651 So.2d 21, 23 (Ala.Civ.App. 1994). "Good cause includes `fraud, collusion, accident, surprise or some other ground of this nature.'" Culver, 651 So.2d at 23 (quoting Borders v.Borders, 597 So.2d 1373, 1375 (Ala.Civ.App. 1992)).
The wife alleges that the trial court erred in failing to vacate the divorce judgment because, she says, she did not consent to the terms of the settlement agreement that was incorporated into the divorce judgment. The wife asserts in her brief to this court that by alleging that she did not consent to the terms of the settlement agreement, she is asserting a fraud challenge to the incorporated agreement.
Despite the wife's protestations that she did not consent to the terms of the settlement agreement, the record reflects that the wife initialed each page of the typewritten agreement with the exception of two pages. One of those pages contains no handwritten changes and the language that is written in and crossed out on the other page does not substantively alter the terms of the agreement. The record also reveals that the settlement *Page 450 
agreement, which was filed in open court, had been executed by both parties and their counsel. Although the wife asserts that she did not consent to the terms of the agreement, the fact remains that she executed the document, and, in so doing, she is bound by its express terms in the absence of fraud, mistake, or ambiguity.
 "`"The purpose of a signature on a contract is to show mutual assent."' Bowen v. Security Pest Control, Inc., 879 So.2d 1139, 1142 (Ala. 2003) (quoting Ex parte Rush, 730 So.2d 1175, 1177-78
(Ala. 1999)). `[O]rdinarily when a competent adult, having the ability to read and understand an instrument, signs a contract, he will be held to be on notice of all the provisions contained in that contract and will be bound thereby.' Power Equip. Co. v. First Alabama Bank, 585 So.2d 1291, 1296
(Ala. 1991); see also Gunnels v. Jimmerson, 331 So.2d 247, 250 (Ala. 1976) (`The general rule of contract law is that when the parties reduce their agreements to writing, the writing is the sole expositor of the transaction and the intention of the parties, in the absence of mistake or fraud or ambiguity.')."
Allen v. Allen, 903 So.2d 835, 841 (Ala.Civ.App. 2004).
The wife argues that the trial court erred in not setting aside the divorce judgment because, she says, changes were fraudulently made to the parties' settlement agreement without her consent. However, she has failed to state with any specificity or particularity the nature of the claimed alterations or their location within the parties' settlement agreement, much less point to evidence in the record to substantiate her claims. Moreover, the record indicates that the wife's postjudgment motion did not assert any fraud issue; indeed, the only "good causes" alleged by the wife in her postjudgment motion filed in the trial court were lack of consent and mistake. Also, because the record on appeal is devoid of a transcript of the trial court's postjudgment hearing, it is impossible for this court to determine whether the wife's "fraud" argument was ever raised during that proceeding.
"It is well settled that an appellant has the burden of presenting a record containing sufficient evidence to show error by the trial court." Leeth v. Jim Walter Homes, Inc.,789 So.2d 243, 246 (Ala.Civ.App. 2000). Moreover, an appellate court may not consider an issue that has been raised for the first time on appeal. See, e.g., Ameriquest Mortgage Co. v. Bentley,851 So.2d 458, 465 (Ala. 2002); Andrews v. Merritt Oil Co.,612 So.2d 409, 410 (Ala. 1992). A trial court "`should not be placed in error on matters which the record reveals it neither ruled upon nor was presented the opportunity to rule upon.'" J.K. v.Lee County Dep't of Human Res., 668 So.2d 813, 817 (Ala.Civ.App. 1995) (quoting Wilson v. State Dep't of Human Res.,527 So.2d 1322, 1324 (Ala.Civ.App. 1988)). Consequently, because we conclude that the wife failed to adduce sufficient evidence in support of her argument that the trial court's divorce judgment should have been set aside on the ground of fraud, and because the record does not indicate that the wife's fraud argument was presented to the trial court for its review, we reject her contention that the trial court's judgment should be reversed on that basis.
The wife next argues that the trial court erred in determining the amount of child support to be paid by the husband because, she says, that court deviated from the child-support guidelines without making a written finding, pursuant to Rule 32, Ala. R. Jud. Admin., that the amount recommended under the guidelines was "manifestly unjust" or "inequitable." We agree. *Page 451 
The trial court's judgment stated, in pertinent part:
 "Since the Husband shall have the primary custody of the parties' son and the wife shall have the primary custody of the parties' daughter, child support is set in the amount of $850 per month, which is the amount of child support to be paid by the husband to the wife on the first (1st) day of each month, commencing on the first (1st) day of the month following the execution of this Agreement and continuing on the first (1st) day of each month thereafter.
 "The order of child support made herein was not determined by application of the Child Support Guidelines as established by Rule 32, [Ala. R. Jud. Admin.]"
Rule 32(B)(9), Ala. R. Jud. Admin., provides, in pertinent part:
 "(9) Split Custody. In those situations where each parent has primary physical custody of one or more children, support shall be computed in the following manner:
 "(a) Compute the support the father would owe to the mother for the children in her custody as if they were the only children of the two parties; then
 "(b) Compute the support the mother would owe to the father for the children in his custody as if they were the only children of the two parties; then
 "(c) Subtract the lesser support obligation from the greater. The parent who owes the greater obligation should be ordered to pay the difference in support to the other parent, unless the court determines, pursuant to other provisions of this rule, that it should deviate from the guidelines."
As to issues relating to child support, this court has stated:
 "[T]his court has consistently held that the application of Rule 32 is mandatory in child-support actions filed on or after October 9, 1989. State ex rel. Dep't of Human Resources v. Hogg, 689 So.2d 131
(Ala.Civ.App. 1996). A trial court may deviate from the child-support guidelines in determining a child-support amount; however, any deviation is improper if it is not justified in writing. . . . When the court determines that application of the guidelines would be manifestly unjust or inequitable, and then deviates from the guidelines in setting a support obligation, the court must make the findings required by Rule 32(A)(ii), Ala. R. Jud. Admin. Hogg, supra."
Thomas v. Norman, 766 So.2d 857, 859 (Ala.Civ.App. 2000); seealso Allegro v. State ex rel. Lett, 747 So.2d 913, 914
(Ala.Civ.App. 1999). Alternatively, a deviation from the guidelines may be warranted where the parties enter into "[a] fair, written agreement . . . establishing a different [support] amount and stating the reasons therefor," such as a completed Form CS-43. Rule 32(A)(i), Ala. R. Jud. Admin.
The record on appeal contains Child Support Guidelines Forms CS-41 and CS-42 completed by the husband; however, it does not contain child-support-guidelines forms completed by the wife, and it does not appear that the trial court was provided with other evidence concerning the wife's income. The record does contain a Form CS-43 "Child Support Guidelines Notice of Compliance" executed by the husband and submitted to the trial court; however, that form does not contain the wife's signature.
As previously noted, the judgment under review expressly acknowledges that child support was not set in compliance *Page 452 
with the child-support guidelines, and specifically Rule 32(B)(9), Ala. R. Jud. Admin., yet the judgment does not state any reason why the trial court may have elected to deviate from the guidelines. The failure of the trial court to state its reasons for deviating from the guidelines, or, alternatively, to set support based upon a written agreement of both parties setting forth reasons for deviating from the guidelines, constitutes error. Accordingly, that portion of the trial court's judgment setting the husband's child-support obligation is reversed, and the cause is remanded. On remand, the trial court should obtain fully completed and signed income affidavits, Forms CS-41, from each parent, see J.L. v. A.Y., 844 So.2d 1221, 1226
(Ala.Civ.App. 2002), and should determine an appropriate child-support obligation either (a) through application of the child-support guidelines or (b) by deviating from the guidelines and expressly setting forth a valid reason for deviating from the guidelines. Of course, the trial court may, in the alternative, accept a completed Form CS-43 that is executed by both parties and award child support consistent with that form. In so holding, we expressly do not reach the issue whether a deviation from the guidelines in this case would or would not be improper.
The husband's request for an award of attorney fees on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.
[1] On June 9, 2004, the husband filed another motion asking the trial court to hold the wife in contempt for allegedly having continued to disobey the orders of that court. Although the record does not reflect that the trial court has ruled on the husband's contempt motions, the pendency of those motions does not destroy the finality of the March 24, 2004, judgment. SeeOpinion of the Clerk No. 25, 381 So.2d 58, 59 (Ala. 1980) (noting that a petition seeking a finding of indirect or constructive contempt "is a separate and independent proceeding" from the underlying action).