Timothy B. Decker ("the former husband") appeals from a judgment of the DeKalb Circuit Court declining to terminate his alimony obligation to his former wife, Linda L. Decker ("the former wife"). We dismiss the appeal as being from a nonfinal judgment.
 Procedural History
The parties were divorced by a judgment of the DeKalb Circuit Court on February 7, 2003. The divorce judgment provided, among other things, that the former husband pay the former wife $3,500 per month as periodic alimony and maintain a $500,000 life-insurance policy on his life naming the former wife as the beneficiary. On August 27, 2004, the former husband filed a petition stating, in pertinent part:
 "(3) Since the entry of the Final Judgment there has been a material change in circumstances which warrants a reduction in [the former husband's] alimony obligation.
 "(4) The Final Judgment ordered [the former husband] to maintain $500,000.00 of insurance on his life naming [the former wife] as beneficiary.
 "(5) Since the entry of the Final Judgment there has been a material change in circumstances which warrants termination of the insurance policy.
 "(6) Pursuant to paragraph seven (7) of the Final Judgment, [the former husband] was awarded various items of personal property from the marital home. [The former wife] has failed or refused to allow [the former husband] to take possession of said items or disposed [of] or destroyed the same. [The former husband] would request that this Court enter a judgment in his favor and against [the former wife] for the value of the items.
 "(7) Pursuant to the Final Judgment, [the former husband] was awarded the marital residence. [The former wife] failed to vacate the marital property as ordered by this Court. Further, [the former wife] caused damage and harm to the property prior to vacating the same. [The former husband] would request that this Court enter a judgment in his favor and against [the former wife] for such damages."
On December 7, 2004, the former wife answered the petition and filed a counter-claim stating:
 "1. On February 7, 2003, this Court entered an Order directing the [former husband] to provide the [former wife] with a life insurance policy in the amount of $500,000.00;
 "2. The [former husband] failed and refused to comply with said Order and on the 28th day of September, 2004, this Court made and entered an order directing the [former husband] to provide the [former wife], within 30 days from the date of the Order, a life insurance policy in the amount of $500,000.00, as previously ordered by the Court in the Order dated February 7, 2003;
 "3. The [former husband] was further directed by the September 28, *Page 1218 
2004[,] Order to pay the costs incurred in the cause;
 "4. As of this date, the [former husband] has not provided the insurance policy nor has he paid the cost of such action as directed by the Court.
 "Wherefore, [the former wife] respectfully prays judgment against the [former husband] as follows:
 "A. That the court will find the [former husband] in contempt of this Court for failing to comply with the prior orders of this Court dated February 7, 2003[,] and September 28, 2004;
 "B. That the Court will order the [former husband] to pay the [former wife's] attorney for his services in this action; and
 "C. That this Court will make and enter such other and further orders which may be necessary in the premises."[1]
On March 6, 2006, the former husband amended his petition to request a termination of his alimony obligation, alleging:
 "[O]ne of the changed circumstances which has occurred since the last order in this cause is that the [former husband] has knowledge, information and belief and based on such knowledge, information and belief states as a fact, that the [former wife] has committed or engaged in certain conduct which under the laws of the State of Alabama would result in the termination of alimony."
On December 19, 2006, the trial court entered a judgment stating, in pertinent part:
 "1. The [former husband] petitions the court for the termination or reduction of his periodic alimony payments. The [former husband] has failed to meet the burden of proof necessary to support a termination or reduction of said alimony. Accordingly, said petition is denied.
 "2. The [former husband] petitions the court for relief due [to] the [former wife's] damaging or removing certain properties awarded to him in the divorce decree. The [former wife] admits to the damage and removal of some of said properties. The parties greatly dispute the amount of damages due as a result of [the former wife's] actions. The Court finds that neither party has sufficiently proven the amount of such damages, but that there is sufficient evidence to support a finding that the damages amount to at least Twenty Thousand Dollars. Judgment is hereby entered against the [former wife] and in favor of the [former husband] in the sum of twenty thousand and no/100 dollars together with applicable interest.
 "3. The [former wife] counterclaimed against the [former husband] alleging his failure to insure his life for the benefit of the [former wife] as ordered in the decree. The testimony was that the [former husband] is in compliance with the order requiring the insurance except that he has not provided current proof of said insurance. The [former husband] shall immediately supply the same to the [former wife] and shall further supply proof of the continuation of said policy to the [former wife] upon reasonable request for the same."
The judgment did not dispose of the former wife's counterclaim for contempt *Page 1219 
based on the former husband's alleged failure to comply with the September 28, 2004, order requiring the former husband to pay certain costs.
On January 16, 2007, the former husband filed a motion to alter, amend, or vacate the court's judgment. That same day the former wife filed a motion for a new trial. On April 12, 2007, the trial court denied both parties' postjudgment motions. On May 16, 2007, the former husband filed his notice of appeal.
On appeal, the former husband argues that the trial court exceeded its discretion in declining to terminate his alimony obligation because, he says, he proved that the former wife was cohabiting with a member of the opposite sex. Even though the issue has not been addressed by either party, this court must first determine whether it has jurisdiction over this appeal. "Jurisdictional matters are of such importance that a court may take notice of them ex mero motu." McMurphy v. East BayClothiers, 892 So.2d 395, 397 (Ala.Civ.App. 2004). "[T]he question whether a judgment is final is a jurisdictional question." Johnson v. Johnson, 835 So.2d 1032, 1034
(Ala.Civ.App. 2002). "A final judgment is one that disposes of all the claims and controversies between the parties."Heaston v. Nabors, 889 So.2d 588, 590 (Ala.Civ.App. 2004).
In determining whether the judgment in this case is final, considering the trial court's failure to rule on the former wife's contempt motion relating to the former husband's failure to pay certain costs, we note that there has been some inconsistency in Alabama regarding whether the filing of a contempt motion initiates a separate, independent action. In 1978, the clerk of the Alabama Supreme Court indicated that the filing of any contempt motion initiated an independent action, regardless of when the motion was filed. Opinion of theClerk No. 17, 363 So.2d 97 (Ala. 1978). In 1980, the clerk of the Alabama Supreme Court, in two separate opinions, opined that the filing of a motion to hold a party in contempt for failing to respond to interrogatories and the filing of any contempt motion relating to the failure to abide by the terms of a final divorce judgment initiate independent proceedings.Opinion of the Clerk No. 28, 386 So.2d 737 (Ala. 1980); and Opinion of the Clerk No. 25, 381 So.2d 58
(Ala. 1980). In 1982, the clerk of the Alabama Supreme Court opined that the filing of a motion seeking to hold a party in contempt for failing to timely respond to discovery in a civil action did not initiate a separate and independent proceeding requiring the payment of a filing fee. Opinion of the ClerkNo. 39, 414 So.2d 953 (Ala. 1982), overruling Opinion ofthe Clerk No. 28, supra. In 1984, the clerk of the Alabama Supreme Court overruled Opinion of the Clerk No. 17,supra, opining that the filing of a motion to hold a party in contempt for violating an interlocutory order would not be considered as having initiated a separate and independent proceeding, but would be considered as being part of the original pending action if it was filed before the entry of a final judgment in the pending action. Opinion of the, ClerkNo. 43, 450 So.2d 1094 (Ala. 1984).
In Wilcoxen v. Wilcoxen, 907 So.2d 447, 449 n. 1 (Ala.Civ.App. 2005), this court relied on Opinion of theClerk No. 25, supra, in ruling that the pendency of two motions filed by a husband seeking to hold a wife in contempt for continuing to disobey court orders did not destroy the finality of a divorce judgment. The facts of that case indicated that the divorce judgment had been entered on March 22, 2004; that the wife had filed a postjudgment motion on April 2, 2004; that the husband had filed two motions seeking to hold the wife in contempt, one on April 15, 2004, and one *Page 1220 
on June 9, 2004; that the trial court had denied the wife's postjudgment motion on May 21, 2004; that the trial court had set the husband's contempt motions for a hearing on July 7, 2004; and that the wife had filed her notice of appeal while the contempt motions remained pending. This court held that, under the reasoning in Opinion of the Clerk No. 25, because the filing of the contempt motions had initiated separate and independent proceedings, the pendency of the contempt motions did not affect the finality of the divorce judgment.907 So.2d at 449 n. 1.
Before Wilcoxen, however, this court had ruled that the pendency of a contempt motion would defeat the finality of a judgment. In Heaston, supra, the wife filed a petition seeking to enforce a provision in the parties' divorce judgment requiring the husband to fund a life-insurance policy for her benefit. She also sought an order finding the husband in contempt for failing to maintain the life-insurance policy. The trial court ruled on all matters presented by the petition except the contempt motion. 889 So.2d at 590. This court dismissed the wife's appeal and the husband's cross-appeal on the basis that, because of the pendency of the contempt motion, the appeals had been taken from a nonfinal judgment.889 So.2d at 591.
Although they are seemingly disparate decisions, we believe the holdings in Wilcoxen and Heaston may be reconciled. In Opinion of the Clerk No. 25, the clerk held that the filing of a contempt motion seeking to enforce the provisions of a final divorce judgment would be considered as having initiated a separate and independent proceeding. Thus, as in Wilcoxen, when a party files a contempt motion alleging a violation of the provision of a previously entered final divorce judgment, that contempt proceeding is separate and independent from the action in which the divorce judgment was entered and does not affect the finality of the divorce judgment. On the other hand, if, as in Heaston, during a postdivorce proceeding, the trial court fails to rule on every pending contempt motion, its failure to do so does affect the finality of the judgment in the postdivorce proceeding because, in such circumstances, the filing of each contempt motion does not initiate a separate and independent proceeding. Finally, to be consistent with Opinion of the Clerk No. 43, supra, a trial court's failure to rule on a contempt motion relating to an interlocutory order would render any subsequent judgment nonfinal because the filing of the contempt motion would not be considered as having initiated a separate proceeding.
In the present case, the former wife's counterclaim for contempt was filed as part of her response to the former husband's postdivorce petition to, among other things, modify alimony. Her contempt claim was based, in part, on the former husband's failure to comply with the September 28, 2004, order requiring the former husband to pay certain costs. As such, the present case is analogous to Heaston, supra. As inHeaston, the trial court's failure to dispose of the former wife's counterclaim for contempt renders the judgment nonfinal. Therefore, we must dismiss this appeal. Id.
The former wife's request for the award of an attorney fee on appeal is denied.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
[1] On September 28, 2004, apparently after the former wife had filed a motion to compel the production of a copy of the life-insurance policy, the court ordered the former husband to provide a copy of the life-insurance policy to the former wife within 30 days, ordered the former husband to pay the former wife's attorney $750 for his services in the cause, and ordered the former husband to pay certain costs. *Page 1221