THOMPSON, Presiding Judge.
 

 Jennifer Dyas Reed (“the wife”) appeals from the trial court’s denial of her motion seeking to have Matthew Dyas (“the husband”) held in contempt for his alleged failure to pay certain debts pursuant to the parties’ divorce judgment.
 

 The parties were divorced in July 2004. In the divorce judgment, the trial court awarded the wife the parties’ 1999 Saturn automobile; it awarded the husband the parties’ 2001 Nissan pickup truck and their 2003 Suzuki four-wheeler vehicles.
 
 [1]
 
 The trial court ordered the husband to pay the debt on all the vehicles. The husband was awarded custody of the parties’ children.
 

 The evidence is undisputed that, sometime after the divorce judgment was entered, the husband asked the wife to allow him to have the Saturn automobile in exchange for the pickup truck because he needed the passenger space for the children. The wife agreed. About two months after the exchange, the husband traded the Saturn automobile for a new vehicle. He also stopped making the required payments on the pickup truck and the four-wheelers.
 

 The husband acknowledged that he had stopped making the required payments. During his testimony, he provided no reason or excuse for his action, and the record does not otherwise reflect any basis, such as an inability to pay, for the husband’s decision to stop making the payments.
 

 The vehicles at issue were purchased in the wife’s name. Since the husband stopped making the payments, the wife has received numerous telephone calls and letters from creditors, many threatening to pursue legal action against her to recover the balance of the outstanding debts.
 

 In November 2007, the wife filed a petition to modify the divorce judgment. The husband then filed a counterclaim for modification of child support. In response, the wife amended her petition to include a motion for contempt based upon the husband’s failure to pay the debts on the vehicles as required by the divorce judgment. An ore tenus hearing was held on the parties’ respective petitions, after which the trial court denied the wife’s petition for modification, granted the husband’s petition, and denied the
 
 *8
 
 wife’s motion for contempt, stating that “both parties have deviated from the Court’s order regarding said vehicles.”
 

 The wife contends that the trial court exceeded its discretion in denying her motion for contempt because, she says, the undisputed evidence demonstrated that the husband had failed to pay the debts as required by the divorce judgment. We agree.
 

 “ ‘Civil contempt’ is defined as a ‘willful, continuing failure or refusal of any person to comply with a court’s lawful writ, subpoena, process, order, rule, or command that by its nature is still capable of being complied with.’ Rule 70A(a)(2)(D), Ala. R. Civ. P. The determination of whether a party is in contempt is within the sound discretion of the trial court, and that determination will not be reversed absent a showing that the court exceeded the limits of its discretion.
 
 Stack v. Stack,
 
 646 So.2d 51 (Ala.Civ.App.1994).”
 

 Routzong v. Baker,
 
 20 So.3d 802, 810 (Ala. Civ.App.2009). “‘The failure to perform an act required by the court for the benefit of an opposing party constitutes civil contempt.’
 
 Carter v. State ex rel. Bullock County,
 
 393 So.2d 1368, 1370 (Ala.1981).”
 
 J.K.L.B. Farms, LLC v. Phillips,
 
 975 So.2d 1001, 1012 (Ala.Civ.App.2007). Furthermore, ‘“[t]he purpose of a civil contempt proceeding is to effectuate compliance with court orders and not to punish the contemnor.’
 
 Watts v. Watts,
 
 706 So.2d 749, 751 (Ala.Civ.App.1997).”
 
 Hall v. Hall,
 
 892 So.2d 958, 962 (Ala.Civ.App.2004).
 

 The divorce judgment states that it incorporated an agreement between the parties as to the division of marital property. “[A] settlement agreement which is incorporated into a divorce [judgment] is in the nature of a contract.”
 
 Smith v. Smith,
 
 568 So.2d 838, 839 (Ala.Civ.App. 1990). The husband’s obligation to pay the outstanding debt on all of the vehicles pursuant to the parties’ agreement did not end when the parties exchanged vehicles, which, we note, was at the husband’s request. The husband appears to recognize his obligation under the divorce judgment. In his appellate brief, his sole response to the wife’s argument is that “[t]he Court did not say that [the former husband] did not owe the debt — but only that he was not in contempt.” The husband makes no assertion that he has resumed paying the debts, or that he even intends to pay the debts.
 

 “‘Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court’s order, and to compensate the complainant for losses sustained.’
 
 United States v. United Mine Workers of America,
 
 330 U.S. 258, 303-04 (1947). Alabama courts have reiterated that a civil-contempt determination may be used to encourage a con-temnor’s future compliance with court orders.
 
 Chestang v. Chestang,
 
 769 So.2d 294 (Ala.2000);
 
 Pate v. Guy,
 
 934 So.2d 1070 (Ala.Civ.App.2005).”
 

 J.K.L.B. Farms,
 
 975 So.2d at 1012.
 

 In this case, the evidence is undisputed that the husband stopped making the payments on the vehicles that the trial court had ordered him to pay in the divorce judgment. The parties’ decision to exchange vehicles without returning to court to obtain permission to do so had no bearing on his obligation to pay the outstanding balances owed on those vehicles. The husband failed to perform an act required of him by the divorce judgment for the benefit of the wife; therefore, he was in contempt. The trial court exceeded its discretion in finding otherwise.
 

 
 *9
 
 Accordingly, that portion of the judgment denying the wife’s motion for contempt is reversed, and the cause is remanded for the trial court to enter a judgment consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . It is not clear from the record whether two or three four-wheeler vehicles were awarded to the husband; however, the specific number of vehicles is not relevant for a determination of the issue on appeal.