THOMAS, Judge.
This is the third time these parties have been before this court concerning their divorce judgment. In 2009, we dismissed the appeal because two outstanding contempt motions had not been addressed by the trial court. See Allen v. Allen (No.2971113, Aug. 11, 2009), 58 So.3d 855 (Ala.Civ.App.2009) (table). In 2010, we affirmed the aspects of the judgment divorcing the parties on the ground of incompatibility and dividing the marital property. See Allen v. Allen, 53 So.3d 960, 964-65 (Ala.Civ.App.2010) (“Allen II”). However, we reversed the aspects of the judgment regarding the amount of alimony and the denial of attorney fees, and we remanded the cause to the trial court for it to award Diane Helen Allen (“the wife”) an equitable amount of alimony and reasonable attorney fees. 53 So.3d at 965-66.
Following the issuance of the opinion of this court in Allen II, the trial court scheduled a status conference for June 21, 2010, which was subsequently reset for January 19, 2011, and reset again for January 18, 2011. The wife filed a contempt motion on January 18, 2011, averring that Mark James Allen (“the husband”) had, among other things, failed to pay her any alimony and failed to pay the mortgage payment on the marital residence. The husband filed a motion to dismiss the contempt motion on February 8, 2011.
*787 The wife filed a “Motion for Final Decree of Divorce Pursuant to Instructions from the Alabama Court of Civil Appeals” on April 13, 2011. It appears from that motion that a hearing had been held on January 19, 2011. The trial court issued an order on September 14, 2011, scheduling a status conference for the pending motions on October 25, 2011. The trial court also entered an amended final judgment of divorce on September 14, 2011. The amended final judgment increased the amount of periodic alimony awarded to the wife from $600 to $1,200 per month and also ordered the husband to pay the wife attorney fees in the amount of $2,000.
The trial court then rescheduled the status conference for the pending motions for October 12, 2011, and again for November 14, 2011. The wife filed a motion to alter, amend, or vacate the amended judgment on September 27, 2011, specifically asking the trial court to address the alimony she alleged the husband owed. The husband filed a motion to alter, amend, or vacate or, in the alternative, for a new trial on October 14, 2011. The wife then filed a motion for final order concerning the alleged alimony arrearage on January 20, 2012. The parties’ postjudgment motions were denied by operation of law. Rule 59.1, Ala. R. Civ. P; see Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1204 (Ala.2009) (“[A] postjudgment motion not otherwise ruled upon is denied as a matter of law on the 90th day after the motion is filed.... ”). The wife then filed a timely appeal with this court.
We will first address whether we have jurisdiction over the appeal from the judgment. See Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987) (stating that “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu”). The wife filed a contempt motion and the husband filed a motion to dismiss the contempt motion. The trial court, however, failed to rule on either party’s motion.
The trial court’s failure to rule on the pending motions renders the judgment nonfinal. Decker v. Decker, 984 So.2d 1216, 1220 (Ala.Civ.App.2007). The judgment is not final because the judgment fails to completely adjudicate all issues between the parties. See Butler v. Phillips, 3 So.3d 922, 925 (Ala.Civ.App.2008). Subject to a few exceptions not relevant here, an appeal ordinarily lies only from a final judgment. Ala.Code 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990). Therefore, we dismiss the wife’s appeal.
The wife’s request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.