THOMAS, Judge.
William Roger King (“the husband”) and Cathy Ann King (“the wife”) were married on July 29, 1978. On May 24, 2011, the wife filed a complaint in the Houston Circuit Court seeking a divorce from the husband, an equitable distribution of the marital assets and debts, temporary exclusive possession of the marital residence, and that the husband be made responsible for all expenses regarding the marital residence during the pendency of the divorce proceedings. She further sought an award of permanent periodic alimony, an award of “alimony in gross and/or rehabilitative alimony both pendente lite and permanently,” and attorney fees.
That same day, the wife filed three other motions. She filed a “motion for the temporary possession and use of the marital home” in which she alleged that the husband’s employment required him to travel, that he had engaged in “numerous adulterous affairs,” and that she was entirely dependent upon the husband for her financial support. She filed a “motion to freeze accounts and assets” in which she alleged that the husband was taking steps to move certain marital assets into his own name and “expending funds” and “disposing of assets” in which she said that she had an interest. The wife also filed “plaintiffs motion for pendente lite spousal support” in which she alleged that the husband had “total and complete” control of the parties’ finances; she sought an order requiring the husband pay pendente lite alimony and to continue to provide her health-insurance coverage.
On May 31, 2011, the circuit court entered a pendente lite order in which it enjoined either party from harassing the other party and required the parties to preserve the marital assets and their insurance policies during the pendency of the action. The parties were required to divide monthly expenses according to their respective incomes.
On June 16, 2011, the husband answered the wife’s complaint and filed a counterclaim seeking a divorce and an equitable division of the marital assets. That same day, the husband filed three responses in which he denied the allegations in the wife’s pendente lite motions.
On June 20, 2011, the wife filed a motion for an evidentiary hearing contending that the husband should be held in contempt because, she said, he had failed to abide by the circuit court’s May 31, 2011, pendente lite order. The circuit court set an eviden-tiary hearing for July 26, 2011.
The circuit court entered a status quo order on August 8, 2011, and ordered the husband to pay the wife temporary support in the monthly amount of $800.[1] On September 7, 2011, the wife filed a motion for contempt alleging that the husband had refused to pay the wife temporary *875 support in the monthly amount of $800. A trial was held on February 13, 2012.
On March 1, 2012, the circuit court entered its judgment divorcing the parties, dividing the marital assets and debts, and awarding the wife alimony in the monthly amount of $800. The wife was ordered to employ counsel for “the purpose of advancing her claim for [Social Security] disability.” The parties were ordered to pay their own attorney fees. The record on appeal does not contain an order or a judgment explicitly ruling on the wife’s September 7, 2011, motion for contempt, there is no indication that the motion was withdrawn or implicitly ruled on by the circuit court, and the divorce judgment does not include a general denial of all relief requested but not addressed in the divorce judgment.
On March 9, 2012, the husband filed a purported motion to alter, amend, or vacate the circuit court’s March 1, 2012, order, seeking an amendment requiring the wife to provide documentation of her efforts to qualify for Social Security disability benefits and for a hearing to review whether the wife had made an effort to' pursue Social Security disability benefits. He further requested 30 days to vacate the marital residence and an order regarding the division of the “household goods.” On March 12, 2012, the circuit court amended its March 1, 2012, order, requiring the wife to provide documentation to the husband regarding her application for Social Security disability benefits and to allow the husband to secure his “personal items.” On March 30, 2012, the husband filed a second purported motion to alter, amend, or vacate the March 1, 2012, order or, in the alternative, for a new trial. In that motion he claimed that the circuit court’s order dividing the marital property was inequitable and an abuse of its discretion. The circuit court denied the husband’s March 30, 2012, motion on April 2, 2012. The husband appealed to this court on April 11, 2012.
Although the parties have not raised any arguments on appeal regarding the wife’s September 7, 2011, motion for contempt, we must first address whether, because the circuit court has failed to rule on that motion, we have jurisdiction over the appeal from the circuit court’s March 1, 2012, judgment. See Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987) (stating that “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu ”).
Because the circuit court has failed to rule on the wife’s September 7, 2011, contempt motion alleging that the husband had refused to pay the temporary support ordered on August 8, 2011, we determine that the circuit court has not completely adjudicated all issues between the parties.[2]
“The trial court’s failure to rule on the pending [contempt] motions renders the judgment nonfinal. Decker v. Decker, 984 So.2d 1216, 1220 (Ala.Civ.App.2007). The judgment is not final because the judgment fails to completely adjudicate all issues between the parties. See Butler v. Phillips, 3 So.3d 922, 925 (Ala.Civ.App.2008). Subject to a few exceptions not relevant here, an appeal ordinarily lies only from a final judgment. Ala. Code 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990).”
Allen v. Allen, 97 So.3d 786, 787 (Ala.Civ.App.2012). Because the circuit court’s March 1, 2012, order does not completely adjudicate all the issues between the parties, it in not a final judgment. Accordingly, we dismiss the husband’s appeal.
*876 The wife’s request for attorney fees on appeal is denied.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. We determine that the circuit court implicitly ruled on the wife’s contention that the husband should be held in contempt of the May 31, 2011, pendente lite order because the August 8, 2011, order settled the issues the wife had raised without holding the husband in contempt. Gore v. White, 96 So.3d 834, 840 (Ala.Civ.App.2012) (concluding that the absence of a specific ruling on a pending petition does not render a judgment nonfinal if the trial court’s judgment sufficiently included an implicit denial).

. The wife’s testimony indicated that at the time of the trial the husband had failed to pay $1,600 in pendente lite support.