DONALDSON, Judge.
Barbara Dill Kyle (“the wife”) appeals from a judgment of the Jefferson Circuit Court that divorced her from Richard Ingram Kyle (“the husband”) insofar as it divided the marital estate. The wife also appeals from orders entered by the trial court finding her in contempt of court. We affirm the divorce judgment. We vacate the contempt orders.
The husband and the wife were married in 1980. Two children were born of the marriage, one of whom reached the age of majority during the pendency of the divorce proceedings. The husband filed a complaint for a divorce on August 14, 2009, citing an irretrievable breakdown of the marriage. On September 17, 2009, the wife filed an answer and a counterclaim for a divorce. On September 22, 2009, the husband moved for pendente lite relief, requesting, among other things, that the wife be required to pay half the mortgage payment and utilities relating to the marital residence each month. In the motion, the husband claimed that he was drawing unemployment-compensation benefits. On December 8, 2009, the husband and the wife entered into an agreement pursuant to which the parties would continue to reside at the marital residence together. The wife agreed to pay all household bills, including those relating to credit cards, utilities, and the mortgage. The husband agreed to pay the wife $150 per week out of his unemployment-compensation income. The written agreement of the parties was presented to the trial court, which adopted the agreement and incorporated it into a pendente lite order on December 10, 2009.
On January 28, 2010, the husband filed a motion for a temporary restraining order in which he requested that the trial court enter an order restraining the wife from liquidating or otherwise disposing of any funds the wife had inherited and requiring the wife to provide an accounting of the inherited funds. After a hearing, the trial court, on February 24, 2010, granted the motion, ordering both parties to refrain from liquidating assets and requiring the parties to expend funds only in compliance with the trial court’s pendente lite order of December 10, 2009.
On May 11, 2011, the wife filed an emergency motion for pendente lite relief in which she contended that her financial status had changed and that she could no longer pay the husband’s debts. She contended that her inheritance, which was substantial at one point, had dwindled to approximately $4,000 because of her obligation to pay certain marital expenses out of her inheritance. She contended in the motion that she earned an income of $200 per week. The husband argued in his response to the wife’s motion that the wife had had $180,000 at her disposal at the *768 outset of the divorce proceedings, and that the wife had violated the February 2010 temporary restraining order entered by the trial court by spending her inheritance. In a May 24, 2011, filing with the court in support of her motion, the wife claimed that she had less than $2,500 of the inheritance left. She further claimed that she had not had $180,000 in inheritance funds at the start of the divorce proceedings. There is no indication in the record that the trial court ruled on the wife’s motion.
On June 1, 2011, the husband filed a motion for contempt in which he contended that the wife had willfully failed to pay the mortgage as required by the December 2009 pendente lite order. He claimed that the wife had not paid the mortgage since April 2011, and that, as a result, the mortgage continued to accrue interest and penalties.
The trial court tried the divorce action on August 10, 2011, and held a hearing on the motion for contempt on August 11, 2011.[1] On August 11, 2011, the trial court rendered an order finding the wife to be in contempt of court for violating the trial court’s previous orders. The court held as follows:
“1. That the Defendant, Barbara Dill Kyle is cited for CIVIL CONTEMPT, due to her intentional and willful violation of twelve (12) violations [sic] of the Court’s Former Order therefor, cites the Defendant one (1) day for each occasion and direct[s] the Sheriff of Jefferson County, Alabama [to] incarcerate the Defendant in the County Jail for a period of Five (5) days. However, the Court suspends the remaining Seven (7) days of the said sentence.
“2. That the Defendant, Barbara Dill Kyle, is ordered and directed to appear before the undersigned for REVIEW on the 15th day of August, 2011 at 8:45 a.m., in Courtroom 230, Domestic Relations Courts Building, 2124 7th Avenue North, Birmingham, Alabama.
“3. That the Sheriffs Department of this court, is directed to forthwith deliver a copy of this Order to the Sheriff of Jefferson County, Alabama for the service on the plaintiff [sic].
“4. The Court retains jurisdiction of this proceeding for further appropriate orders.”
(Capitalization in original.) The wife contends that she was taken into custody and began serving the five-day term of incarceration. The order was entered in the State Judicial Information System on August 12, 2011. The wife filed a motion to reconsider the contempt order, arguing that the order was deficient because it did not sufficiently delineate the violations the wife was alleged to have committed. By order dated August 12, 2011, the trial court denied the wife’s motion to reconsider stating as follows:
“1. That counsel for the Parties were present at the hearing on August 11, 2011.
“2. That [the wife’s] attorney wrote each and every violation on the Court’s board, and yet, DEMANDS that this Court disregards [sic] them.
“3. As such, due to the overwhelming amount of evidence presented in the case, Defendant’s Motion to Reconsider incarceration is due to be DENIED.”
(Capitalization in original.) The wife did not file a writ of habeas corpus during the pendency of her incarceration. On August 15, 2011, the trial court entered an order *769 directing the sheriff of Jefferson County to release the wife and ordering that the sheriff send a cost bill to the wife for her incarceration. The wife filed a motion on August 22, 2011, in which she asked the court to clarify its contempt order to provide specific information regarding the violations she had supposedly committed. The record does not indicate that the trial court addressed that motion or provided any further clarification regarding its finding of contempt.
The trial court entered a final judgment of divorce on October 12, 2011. In its judgment, the trial court ordered, among other things, that the wife was to be responsible for payment of all existing debts incurred jointly by the parties during the marriage; that the husband was to be awarded title to the real estate in the parties’ names and all insurance proceeds; and that the wife was to pay the husband $18,000 in attorney fees. The court further ordered the wife to “catch-up” on the mortgage payments within 45 days from the date of the judgment.
On October 24, 2011, the husband filed a motion to alter, amend, or vacate pursuant to Rule 59, Ala. R. Civ. P., requesting that the trial court clarify the divorce judgment. The wife filed a motion to alter, amend, or vacate, or in the alternative for new trial, on October 26, 2011, in which she alleged that the trial court had failed to take into account the husband’s adulterous affair and that the division of property in the divorce judgment disproportionately favored the husband and, thus, was inequitable.
On November 1, 2011, the husband filed an emergency motion for contempt in which he contended that the wife had failed to make the monthly mortgage payments on the marital residence and that the house would be sold at foreclosure on November 4, 2011, unless payment was made. The trial court set the parties’ postjudgment motions and the emergency motion for contempt for a hearing on November 3, 2011. The order setting the hearing commanded the husband and the wife to appear to show cause why the motion for contempt should not be granted and why they should not be adjudged in contempt. The order further stated that the “FAILURE TO APPEAR MAY RESULT IN THE ISSUANCE OF A WRIT OF ARREST.” The wife did not appear at the hearing on November 3. That same day, the trial court entered an order citing the wife for civil contempt and directing that she be incarcerated. The trial court’s order stated as follows:
“1. That the Defendant, Barbara Dill Kyle, is cited for CIVIL CONTEMPT, and the Sheriff of any County of the State of Alabama, is hereby ordered and directed to incarcerate said Defendant, and [she] may not be released on bond.
“2. That the Sheriff of Jefferson County, Alabama, is Ordered to inform this Court of the Defendant’s attachment. Further, the Sheriff of Jefferson County, Alabama is ordered to enter this Decree Ordering Attachment into the National Crime' Information Computer, or any other database available nationwide for the potential arrest of those with attachments or warrants for their arrest.
“3. Upon receipt of this Decree, the Sheriff of Jefferson County, Alabama is ordered to notify the Sheriffs Department in State of California of this Decree Ordering Attachment, and inform said sheriff that this Decree had been entered on the National Crime Information Center.
“4. That the clerk of this court is directed to forthwith deliver a copy of this Order to the Sheriff of Jefferson *770 County, Alabama for service on the Defendant.”
(Capitalization in original.) At the end of the order, the trial court provided a physical description of the wife.
On November 4, 2011, in response to the second contempt order, the wife filed a motion to reconsider the order of incarceration or, in the alternative, for a new trial. In that motion, she also challenged the trial court’s first finding of contempt in August 2011 and contended that she had been wrongfully sentenced to a period of five days’ incarceration for civil contempt, which carries no definite term of imprisonment. As to the second finding of contempt on November 3, 2011, the wife contended that she had not been provided adequate notice of the contempt proceedings pursuant to Rule 70A(c)(2), Ala. R. Civ. P. In the motion, the wife contended that she had been in California on the date the trial court issued the order setting the hearing and that the she had been unable to return to Alabama in time for the hearing. On November 7, 2011, the trial court entered an order denying the wife’s motion. The wife filed a timely notice of appeal to this court.
We note initially the unique procedural history of this appeal. The wife filed her notice of appeal on November 9, 2011. The wife’s counsel undertook efforts to obtain a trial transcript, but the court reporter was unavailable to prepare it. The wife’s attorney prematurely filed a brief with this court in March 2012, before the availability of the clerk’s record. During the pendency of the appeal, the wife’s original attorney died. In February 2013, the wife’s new attorney filed a suggestion of death pursuant to Rule 43(a), Ala. R.App. P., stating that the husband had passed away in December 2012.[2] The suggestion of death did not indicate whether an estate had been opened. On February 21, 2013, the wife filed with this court a motion to submit the appeal for consideration based upon the trial court clerk’s record and on the brief submitted by the wife.[3] This court granted the motion. On February 27, 2013, the husband’s attorney notified this court that she “intend[ed] to represent the estate of [the husband] throughout the appeal” but that she would not be filing a brief unless the court permitted an additional brief to be filed by the wife. The trial court clerk’s record was ultimately filed without the trial transcript in March 2013. The matter was submitted for a decision on the wife’s brief only.
On appeal, the wife first contends that the trial court’s final judgment of divorce did not equitably distribute the marital estate. In her brief on appeal, the wife cites only Wilbanks v. Wilbanks, 624 So.2d 605 (Ala.Civ.App.1993), to support her “belief’ that the trial court considered *771 future inheritance she might receive in determining the distribution of the marital estate. There is nothing in the record, however, to support the wife’s contention that the trial court relied on or even considered the wife’s possible future inheritance. Further, the wife cites no authority to substantiate her claim that the trial court’s judgment inequitably distributed the assets of the marital estate. Accordingly, we will not consider this argument. See Rule 28(a)(10), Ala. R.App. P.; Mullins v. Sellers, 80 So.3d 935, 945 (Ala.Civ.App.2011); and Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996) (“Inapplicable general propositions are not supporting authority, and an appellate court has no duty to perform a litigant’s legal research.”). As to the judgment of divorce, therefore, we affirm the judgment of trial court.
The wife also challenges the trial court’s August 2011 and November 2011 orders finding the wife to be in civil contempt. The standard of review this court follows concerning a trial court’s finding of civil contempt is well settled:
“The issue whether to hold a party in contempt is solely within the discretion of the trial court, and a trial court’s contempt determination will not be reversed on appeal absent a showing that the trial court acted outside its discretion or that its judgment is not supported by the evidence. Brown v. Brown, 960 So.2d 712, 716 (Ala.Civ.App.2006) (affirming a trial court’s decision not to hold a parent in contempt for failure to pay child support when the parent testified that he had deducted from his monthly child-support payment the amount he had expended to buy clothes for the children).”
Poh v. Poh, 64 So.3d 49, 61 (Ala.Civ.App.2010).
Rule 70A, Ala. R. Civ. P., applies “to all civil or criminal contempt proceedings arising out of civil actions.” Rule 70A(a)(2)(D) defines civil contempt as “willful, continuing failure or refusal of any person to comply with a court’s lawful writ, subpoena, process, order, rule, or command that by its nature is still capable of being complied with.” Paragraph (e)(2) of Rule 70A provides:
“The court may order that a person who had been found to be in civil contempt be committed to the custody of the sheriff until that person purges himself or herself of the contempt by complying with the court’s writ, subpoena, process, order, rule, or command.”
Concerning civil contempt, this court has stated:
“ ‘ “ ‘The failure to perform an act required by the court for the benefit of an opposing party constitutes civil contempt.’ Carter v. State ex rel. Bullock County, 393 So.2d 1368, 1370 (Ala.1981).” J.K.L.B. Farms, LLC v. Phillips, 975 So.2d 1001, 1012 (Ala.Civ.App.2007). Furthermore, “ ‘[t]he purpose of a civil contempt proceeding is to effectuate compliance with court orders and not to punish the contem-nor.’ Watts v. Watts, 706 So.2d 749, 751 (Ala.Civ.App.1997).” Hall v. Hall, 892 So.2d 958, 962 (Ala.Civ.App.2004).’
“Reed v. Dyas, 28 So.3d 6, 8 (Ala.Civ.App.2009).”
Hood v. Hood, 76 So.3d 824, 831-32 (Ala.Civ.App.2011).
“ ‘Civil contempt carries no definite term of imprisonment; the party jailed on a contempt charge “ ‘ “carries the [key] of his prison in his own pocket” [and] can end the sentence and discharge himself at any moment by doing what he had previously refused to do.’ ” Johnson v. State, 675 So.2d 512, 513 (Ala.Crim.App.1995) *772 (quoting Lightsey v. Kensington Mortgage & Finance Corp., 294 Ala. 281, 285, 315 So.2d 431, 435 (1975)) (in turn quoting earlier cases, including In re Nevitt, 117 F. 448, 461 (8th Cir.1902)).’ ”
Gladden v. Gladden, 942 So.2d 362, 370-71 (Ala.Civ.App.2005) (quoting Davenport v. Hood, 814 So.2d 268, 273 (Ala.Civ.App.2000)).
In the current case, the husband moved for contempt in June 2011, citing the wife’s failure to make payments on the mortgage as ordered by the trial court’s December 2009 pendente lite order.[4] The August 2011 order of the trial court cited the wife for civil contempt, yet it imposed a sanction of multiple days of incarceration, without bond, in the Jefferson County jail. That sanction was not designed to effectuate compliance with the trial court’s pendente lite order. The wife was not committed to the custody of the sheriff in an effort to coerce her into making payments on the mortgage. Instead, the ordered incarceration appears to have been imposed to punish the wife for her purported noncompliance with the pendente lite order. Such a sanction is not permitted under a finding of civil contempt pursuant to Rule 70A. Thus, we hold that the trial court abused its discretion in imposing the five-day sentence of incarceration for civil contempt, because such a sanction is in direct contravention of and outside the scope of punishment permitted by Rule 70A. We, therefore, vacate the trial court’s August 2011 contempt order.
Concerning the contempt order of November 4, 2011, we hold that the trial court lacked subject-matter jurisdiction to hear the matter.
“Before addressing the merits of the issues raised on appeal, we must first consider whether this court has jurisdiction. ... ‘ “[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.”’ Singleton v. Graham, 716 So.2d 224, 225 (Ala.Civ.App.1998) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). ‘ “ ‘[Subject-matter jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.’ ” ’ M.B.L. v. G.G.L., 1 So.3d 1048, 1050 (Ala.Civ.App.2008) (quoting S.B.U. v. D.G.B., 913 So.2d 452, 455 (Ala.Civ.App.2005), quoting in turn C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ.App.2003)).”
Fox v. Arnold, 127 So.3d 417, 421 (Ala.Civ.App.2012). It is well settled that the filing of any contempt motion relating to the failure to abide by the terms of a final divorce judgment requires the initiation of an independent proceeding.
“A motion or petition seeking the imposition of sanctions based on a finding of contempt initiates an independent proceeding that requires the payment of a filing fee. Opinion of the Clerk No. 25, 381 So.2d 58 (Ala.1980); see also Wilcoxen v. Wilcoxen, 907 So.2d 447 (Ala.Civ.App.2005). In Wilcoxen v. Wilcoxen, supra, the trial court entered a judgment divorcing the parties. The husband filed a contempt petition during *773 the time the wife’s postjudgment motion was pending. The trial court denied the wife’s postjudgment motion and scheduled a hearing on the husband’s contempt petition; the wife appealed the divorce judgment. This court noted that the pendency of the husband’s contempt petition, along with another contempt petition filed after the entry of the postjudgment order, did not affect the finality of the divorce judgment from which the wife appealed because the contempt petition initiated a ‘ “separate and independent proceeding” from the underlying action.’ Wilcoxen v. Wilcoxen, 907 So.2d at 449 n. 1 (quoting Opinion of the Clerk No. 25, 381 So.2d at 59).
“In this case, the husband filed his petition seeking the imposition of sanctions based on the wife’s allegedly contemptuous conduct after the entry of the final judgment of divorce. A motion or petition seeking the imposition of sanctions based on a finding of contempt initiates an independent proceeding that requires the payment of a filing fee. Opinion of the Clerk No. 25, supra; see also Wilcoxen v. Wilcoxen, supra. The payment of a filing fee is a jurisdictional act. Farmer v. Farmer, 842 So.2d 679, 681 (Ala.Civ.App.2002). The husband did not pay a filing fee in support of his July 1, 2004, motion. Therefore, the husband did not properly invoke the jurisdiction of the trial court, and its September 22, 2004, contempt order is void for want of subject-matter jurisdiction.”
Kaufman v. Kaufman, 934 So.2d 1073, 1082 (Ala.Civ.App.2005) (footnote omitted). See also Johnson v. Hetzel, 100 So.3d 1056 (Ala.2012) (the circuit court did not have jurisdiction to enter judgment dismissing a prisoner’s complaint; thus, that judgment was void); Hall v. Hall, 122 So.3d 185 (Ala.Civ.App.2013) (the contempt petitions were nullities because they purported to initiate a new contempt action that should have been assigned a “.02” suffix by the trial court’s clerk and that would have required the payment of a new filing fee); Haynes v. Haynes, 97 So.3d 781 (Ala.Civ.App.2012) (in action initiated by filing of petition for criminal contempt, the wife failed to pay the applicable docket fee or to file a verified statement of substantial hardship, rendering the trial court’s judgment of contempt void for lack of subject-matter jurisdiction); and Vann v. Cook, 989 So.2d 556 (Ala.Civ.App.2008) (the parties failed to pay requisite docketing fees, and, thus, orders made by trial court concerning modification of default judgment were void).
In the case at bar, the husband’s emergency motion for contempt was filed as a part of a the initial divorce action, case number DR-09-1260. The emergency motion, which was filed subsequent to the entry of the final divorce judgment, sought to hold the wife in contempt of court for violating the provision of the trial court’s judgment of divorce concerning the requirement that the wife “catch-up” on the mortgage payments within 45 days of the entry of the judgment of divorce. Because the emergency motion initiated a new cause of action for contempt of court, it should have been assigned an “.01” suffix by the trial court clerk and the husband should have paid the filing fee required by § 12-19-71 (a)(7), Ala.Code 1975. Because no filing fee was paid, the trial court lacked subject-matter jurisdiction to consider the emergency motion. Thus, the November 2011 contempt order is void. “ ‘[Bjecause a void judgment -will not support an appeal, we vacate the trial court’s judgment and dismiss the appeal.’ ” Johnson, 100 So.3d at 1057 (citing Hunt Transition & Inaugural Fund, Inc. v. Grenier, 782 So.2d 270, 274 (Ala.2000)).
AFFIRMED IN PART; VACATED IN PART; APPEAL DISMISSED IN PART.
*774 MOORE, J., concurs.
THOMPSON, P.J., concurs in the result, without writing.
PITTMAN and THOMAS, JJ., recuse themselves.

. The record reveals that a new trial judge was assigned the case early in 2011 due to the retirement of the previous trial judge who had entered the December 2009 pendente lite order and the temporary restraining order.

. Rule 43 provides: "When the death of a party has been suggested, the proceeding shall not abate, but shall continue or be disposed of as the appellate court may direct.”

. The wife's brief on appeal includes documentation that is not in the record certified by the trial court clerk. We recognize the difficulty the wife’s original attorney experienced in this case due to the unavailability of the trial transcript and the delay this caused in obtaining a record. Nonetheless, we cannot consider the additional documentation.
"As we have stated on many prior occasions, '[a]n appellate court is confined in its review to the appellate record, that record cannot be "changed, altered, or varied on appeal by statements in briefs of counsel,” and the court may not "assume error or presume the existence of facts as to which the record is silent.” ' Beverly v. Beverly, 28 So.3d 1, 4 (Ala.Civ.App.2009) (quoting Quick v. Burton, 960 So.2d 678, 680-81 (Ala.Civ.App.2006)).”
Dreading v. Dreading, 84 So.3d 935, 937 (Ala. Civ.App.2011).

. This court has previously recognized that filing a motion for contempt to enforce an interlocutory order of a trial court does not initiate a new action. Thus, no filing fee is required when a motion for contempt is filed before the entry of a final judgment of divorce. See Decker v. Decker, 984 So.2d 1216, 1220 (Ala.Civ.App.2007) ("[T]he filing of the contempt motion would not be considered as having initiated a separate proceeding.”).